UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALIN POP, individually and on behalf of all those similarly situated,

                Plaintiff,

v.

LULI FAMA.COM, LLC, et al.,

                Defendants.
_____

Case No.: 8:22-cv-02698-VMC-JSS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR EXTENSION OF DEADLINE TO SUBMIT CASE MANAGEMENT REPORT**

The undersigned, as counsel for Plaintiff, Alin Pop, files this Response in Opposition to the Motion for Extension of Deadline to Submit Case Management Report ("Motion"), and in support thereof, states as follows:

This case was filed on October 17, 2022, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

Defendant Gabrielle Epstein was served on October 24, 2002, defendant Priscilla Ricart was served on October 25, 2022, and defendants Lulifama.com, LLC and My Lulibabe, LLC were served on October 27, 2022. This action was removed to the Middle District of Florida on November 24, 2022.

Pursuant to this Court's Order dated November 28, 2022, counsel for Plaintiff sent an email on November 30, 20022, to counsel for all served Defendants proposing

times for a the parties' meet and confer conference. To date, none of the Defendants provided any availability.

## ARGUMENT

Delaying the court-ordered initial meet-and-confer meeting and the entry of a case management order unnecessarily delays this case with no benefit to the parties or the judicial process.

Initially, Defendants conferred with Plaintiff's counsel regarding their responsive pleadings. Plaintiff agreed to one or more motions for extension of time for Defendants to answer the Complaint. However, Plaintiff did not anticipate these extensions to have a cascading effect on the case, being used as a "good cause" argument for further extensions and further delays.

Defendants have not demonstrated good cause to continue the court-ordered meet and confer deadline and submission of the case management order. The only two reasons purported to support a showing of "good cause" do not satisfy the standard. "Good cause" is generally interpreted as an outside factor, *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284 (11th Cir. 2009), or circumstances that were not known at the time of entering the Order. The Motion fails to show any of these.

The Court should deny Defendants' request for the following reasons:

**First**, moving Defendants claim that "an additional meet and confer, as well as an amendment to the Case Management Report, would likely be necessary if the Parties had to submit the Case Management Report by the CMR Deadline." Motion pg.3. However, this issue will not be resolved before January 11, 2023.

The Defendants that are not yet served are influencers that are actively avoiding service or travelling as part of their job. Given the intervening holidays, it is improbable that **all** Defendants are going to make an appearance in the case prior to January 11, 2023 (meaning that they were served by December 21, 2022). Defendants could recycle this argument once again as we approach January 11 to further delay the case.  The Court should not delay the meet and confer based on the fact that not all Defendants have been served.

Additionally, the Manual for Complex Litigation states that "the judge should hold an initial pretrial conference under Rule 16 as soon as practical (…), **even if some parties have not yet appeared or even been served**. Manual for Complex Litigation, Fourth, § 10.12 (emphasis added). The dates provided in the Court's Order are reasonable and practical.

**Second**, moving Defendant's other argument purporting to show "good cause" is that Case Management Report will be more productive if it can be completed after the Defendants' responsive pleading deadlines have passed. Plaintiff disagrees. Certainly the Court was aware that not all Defendants had been served when it entered the November 28, 2022 Order.  Furthermore, as the Motion clearly observes, not all defendants may have the opportunity to participate in this meet and confer. The same as moving Defendants' previous argument, this one can be recycled in January, since, by the proposed date, some of the defendants, would not have answered the Complaint anyways.  This is not a valid reason to continue a court-ordered meet and confer and case management report.

In a case with many moving parts, as the case at hand it is beneficial for the parties to confer early about the management of the case. Apart from the issues enumerated by the Court, parties can also get an early resolution on other important issues like joint filings (Plaintiff would expect defendants to present joint defenses or to coordinate motions and eliminate repetitive arguments. *See* Manual for Complex Litigation, Fourth, § 22.2.).

## CONCLUSION

The Court ordered the parties to conduct an initial meet and confer conference and submit a case management report by December 14, 2022. Defendants have submitted no valid reason to extend this Order. The moving defendants were served back in October and hired large firms that assigned numerous lawyers to this case. There are already no less than 15 lawyers on the defense service list to the date of this response. There is no valid reason why some of these lawyers cannot get involved in a good faith conversation at this time about managing the case. There is no reason to avoid or postpone the entry of a case management order "providing mandatory case deadlines and notice of the rules, standards, and procedures that the parties and counsel must comply with in the prosecution of this action." *Sheffield v. Greene*, 617CV273ORL37KRS, 2018 WL 4922376, at *2 (M.D. Fla. May 17, 2018). The case management order is an essential part of the governance of the case and should not be delayed.

While Plaintiff believes that a short extension of one week or so may not necessarily delay the case, the moving Defendants failed to show good cause for

delaying the initial conference by 28 days.

    For the reasons stated above, this Court should deny Defendant's Motion for Extension of Deadline to Submit Case Management Report and grant such other relief as may be deemed just and proper.

Dated December 6th, 2022.

                                        s/Bogdan Enica
                                        Bogdan, Enica
                                        PRACTUS, LLP
                                        FL Bar No.: 101934
                                        66 West Flagler St., Ste. 937
                                        Miami, FL 33130
                                        Telephone: (305) 539-9206
                                        Email: Bogdan.Enica@practus.com

                                        Keith L. Gibson (*pro hac vice* forthcoming)
                                        PRACTUS, LLP
                                        IL Bar No.: 6237159
                                        490 Pennsylvania Avenue Suite 1
                                        Glen Ellyn, IL 60137
                                        Telephone: (630) 677-6745
                                        Email: Keith.Gibson@practus.com

                                        *Counsel for Plaintiff and the Putative Class*

## Certificate of service

I hereby certify that on December 6, 2022, I have caused this document to be electronically filed the with the Clerk of Court using the CM/ECF system, which sends notification of such filing to all counsel of record.

Dated: December 6, 2022.

/s/ Bogdan Enica
Bogdan Enica, Esq.