## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

ALIN POP, INDIVIDUALLY
AND ON BEHALF OF ALL THOSE
SIMILARLY SITUATED,

                                      Case No: 8:22-cv-2698-VMC-JSS

        Plaintiff,

vs.

LULIFAMA.COM. LLC,
MY LULIBABE, LLC,
LOURDES HANIMIAN A/K/A LULI
HANIMIAN,
TAYLOR MACKENZIE GALLO
A/K/A TEQUILA TAYLOR,
ALEXA COLLINS,
ALLISON MARTINEZ A/K/A ALLI
MARTINEZ,
CINDY PRADO,
GABRIELLE EPSTEIN,
HALEY PALVE A/K/A HALEY
FERGUSON,
LEIDY AMELIA LABRADOR,
PRISCILLA RICART,

        Defendants.

_____/

## DEFENDANTS LULIFAMA.COM LLC, MY LULIBABE, LLC, AND
## LOURDES HANIMIAN'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendants

LuliFama.com LLC ("Luli Fama"), My LuliBabe, LLC ("LuliBabe") (collectively,

the "Luli Fama Defendants"), and Lourdes Hanimian a/k/a Luli Hanimian

("Hanimian"), respectfully move the Court to dismiss Counts I, II, and III of Plaintiff

Alin Pop's ("Pop" or "Plaintiff") Complaint [D.E. 1] against the Luli Fama

Defendants and Hanimian (the "Motion"). In support thereof, the Luli Fama Defendants and Hanimian submit the below incorporated Memorandum of Law.

MEMORANDUM OF LAW

### I.   Introduction

This is a case about Alin Pop, Plaintiff, purchasing swimwear from Luli Fama, a women's swimwear brand. Pop allegedly bought the swimwear after viewing various unidentified, undated, and uncited Instagram posts (the "posts" or the "Instagram posts") of eight women. Pop also claims that these eight individuals are paid "influencers" for Luli Fama, and Defendants[1] should have somehow disclosed this purported relationship to Plaintiff pursuant to Plaintiff's interpretation of non-binding Federal Trade Commission ("FTC") guidance. The unidentified Instagram posts referenced in the Complaint are generally described by Pop as pictures of women in swimsuits; Pop does not allege that the posts said anything about the quality of the swimsuits. When Pop ultimately received the swimwear he ordered, he claims he was upset with the purchase. Pop does not say that it was the fit, color, or fabric of the swimsuit that bothered him, or even that the suits he received were not materially identical to those advertised. Instead, Pop just claims that it was not the "quality" that he subjectively imagined when he looked at the Instagram posts.

---

[1] Throughout the Motion, "Defendants" refers to the Luli Fama Defendants, Hanimian, and the eight Individual Defendants in this case—Taylor Gallo, Priscilla Ricart, Haley Ferguson, Gabrielle Epstein, Alexa Collins, Cindy Prado, Alli Martinez, and Leidy Amelia Labrador (collectively, the "Individual Defendants").

Thus, at bottom, Pop's claim is that he was somehow misled about the subjective "quality" of Luli Fama swimwear by viewing unspecified pictures of individuals wearing a swimsuit, who allegedly should have disclosed their purported relationship with Luli Fama, which—according to Pop—is in violation of FTC guidance.  The problem with Pop's claim is that there is no private right of action for such a violation.  *E.g.*, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985).  Accordingly, Pop tries to shoehorn his claims into a series of Florida state causes of actions—none of which properly fit and all of which should be dismissed.

*First,* the Complaint should be dismissed in its entirety because its general and unspecified claims do not meet Federal Rule of Civil Procedure 9(b)'s pleading requirements for each cause of action.

*Second,* Pop's Florida Unfair Trade Practice Act ("FDUTPA") count is deficient as a matter of law because: (a) Plaintiff has failed to allege a deceptive or unfair practice of Defendants (as opposed to alleged failure to disclose by the party allegedly making the as yet undefined misstatements), and his overreliance on FTC guidance is misplaced; (b) Plaintiff cannot show a material, causal connection between the alleged (but unidentified) posts and the alleged "quality" issues; and, (c) the harm or loss caused by the alleged conduct is a vague subjective dissatisfaction with the "quality" of products untethered to any misstatement or omission by any defendant regarding quality.

*Third,* the unjust enrichment claim fails because Plaintiff's claim is based on the same alleged wrongful conduct underlying Plaintiff's FDUTPA claim.  Because an

unjust enrichment claim must be based on conduct *independent* of any alleged wrong by a defendant, Count II fails as a matter of law.

*Fourth*, the negligent misrepresentation claim fails because Plaintiff does not allege *any* representation made by the Luli Fama Defendants, let alone a misrepresentation of material fact, that is actionable under Florida law.

*Finally*, as more fully detailed below, these deficiencies cannot be corrected with mere repleading.  Accordingly, the Complaint should be dismissed with prejudice.

## II.  <u>The Complaint</u>

### A. The Defendants

The Luli Fama Defendants—Luli Fama and LuliBabe—encompass two "compan[ies] registered in Florida."  Compl. ¶¶ 19, 20.  Apart from this statement, the Complaint contains no independent, substantive allegations regarding either company.  Hanimian is the founder of and designer for the Luli Fama brand,[2] but the Complaint contains no allegations relating to Hanimian's purported involvement in the fraud at issue or any direct conduct, knowledge, or involvement.  Compl. ¶¶ 7, 21.

The Individual Defendants are so-called "influencers" who allegedly posted pictures of Luli Fama brand swimwear on their social media accounts without disclosing a connection to the brand.  Compl. ¶¶ 1, 14-15.

---

[2] The Complaint alleges that Hanimian is also the "CEO . . . for Luli Fama."  Compl. ¶ 7.  However, this allegation is unsupported, and she is not, in fact, the CEO.

### B. The Allegations

Luli Fama is a Florida-based small business that makes and sells swimwear. *Id.* ¶¶ 6, 19, 20. According to the Complaint, Pop bought unidentified Luli Fama swimwear on an undisclosed date for his spouse.[3] Compl. ¶ 54. When Plaintiff received the products, he "realized [they were] of an inferior quality." *Id.* ¶ 56. Plaintiff allegedly tried to return the products, but Luli Fama "was unable to accept his return." *Id.*

Pop claims that he made the purchase "given the fact the products were worn by his favorite influencers," *id.* ¶ 54, who he is "following" on Instagram, *id.* ¶ 46. These "favorite influencers" are the Individual Defendants. However, Pop does not identify a single post that he viewed in connection with his allegations. Indeed, the only two posts that reference Luli Fama are two undated posts by Defendant Collins, *id.* ¶ 16, which Pop does not claim to have viewed prior to his purchase. Pop goes on to broadly claim that these "influencers" were compensated by Luli Fama to wear its product, "without disclosing their paid relationship with Luli Fama." *Id.* ¶ 42. According to Pop, this paid relationship should have been disclosed pursuant to certain FTC guidance. *Id.* ¶¶ 44, 69.

---

[3] Plaintiff claims that he placed order number 1152147 with Luli Fama. The Luli Fama Defendants have searched their system, and there is no such order number related to Plaintiff.

Based on these allegations, Plaintiff filed the instant lawsuit.[4]  This motion follows.

### III.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and rise above the level of speculation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, the "court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party."  *Jones v. Coors Brewing Co.*, 378 F. Supp. 3d 1132, 1134 (M.D. Fla. 2019) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009)).  However, "'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Jones*, 378 F. Supp. 3d at 1134 (quoting *Ashcroft*, 556 U.S. at 678).  This standard requires that legal conclusions "be supported by factual allegations."  *Daleo*

---

[4] On October 17, 2022, Plaintiff filed his Complaint in the Sixth Circuit in and for Pinellas County, Florida, Case No. 2022-CA-004923.  Defendant Epstein, the Luli Fama Defendants, and Hanimian jointly removed the lawsuit to the Middle District of Florida on November 24, 2022.  [D.E. 1].  The Luli Fama Defendants and Hanimian filed their Motion for Extension, [D.E. 8], which was granted on November 30, 2022, allowing the Luli Fama Defendants and Hanimian to file their response on or before December 26, 2022, [D.E. 13].

*v. McCray*, No. 11-CV-2521, 2012 WL 6733091, at *2 (M.D. Fla. Dec. 28, 2012) (quoting *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010)).

## IV.   <u>Discussion</u>

### A. Rule 9(b) Requires Dismissal.

Each of the alleged claims should be dismissed because Plaintiff failed to plead with the necessary particularity.  All of Plaintiff's claims, FDUTPA (Count I), unjust enrichment (Count II), and negligent misrepresentation (Count III), must meet Rule 9(b)'s heightened pleading standard.  *E.g., PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 12-CV-1366, 2013 WL 12172912, at *6 (M.D. Fla. Aug. 28, 2013) (FDUTPA claims); *Allstate Indem. Co. v. Fla. Rehab & Inj. Ctrs. Longwood, Inc.*, No. 15-CV-1740, 2016 WL 7177624, at *3 (M.D. Fla. July 26, 2016) (unjust enrichment and negligent misrepresentation claims).

Under Rule 9(b), a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake."  *PB Prop. Mgmt.,* 2013 WL 12172912, at *6 (citing Rule 9(b)).  "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (internal quotations and citations omitted).  A complaint satisfies the particularity requirement of Rule 9(b) if it alleges "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them."  *Hopper v. Solvay*

*Pharmaceuticals, Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009).  In a claim such as this, which alleges misrepresentations or material omissions, the plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Sanchez v. Team Health, LLC*, No. 18-CV-21174, 2020 WL 12188439, at *3 (S.D. Fla. May 18, 2020).  "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

In addition, plaintiffs who "lump together all of the defendants in [his] allegations of fraud run afoul of Rule 9(b)."  *Sanchez*, 2020 WL 12188439, at *3 (citing *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007)). Similarly, "[a] blanket allegation that defendants made misrepresentations without any further specificity as to each defendant is insufficient." *Id.*

Here, Plaintiff fails to allege any of the claims with sufficient particularity. Plaintiff's three claims are premised on the alleged misrepresentations (or omissions) of the Individual Defendants—*i.e.*, that the individual influencer defendants failed to disclose their alleged connection to Luli Fama in various posts that Pop allegedly viewed before buying swimwear.  But, aside from this general assertion, Plaintiff fails to allege the "who, what, when, where, and how" of each individual Defendants' alleged misrepresentations or omissions.  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).  As a starting point, Plaintiff does not allege: (1) the date he

viewed the posts; (2) the date he purchased Luli Fama products; (3) the price of his purchase; (4) the product he purchased or any details that would substantiate his subjective assessment of quality; (5) the method of purchase; (6) the date he received Luli Fama products; or (7) the date he allegedly attempted to return the Luli Fama products. *See* Compl. ¶¶ 54-56. Regarding the "*what*," Plaintiff fails to allege "precisely what statements were made in what [posts]," "the contents of such statements," or what specific posts omitted certain alleged disclaimers. *Milana v. Eisai, Inc.*, No. 21-CV-831, 2022 WL 846933, at *9 (M.D. Fla. Mar. 22, 2022). In other words, Plaintiff fails to allege what it was about the individual posts that made them wrongful—and what party was charged with this particular action. Instead, Pop only makes vague allegations regarding social media posts, failing to even identify the content of the posts that was false or insufficient, let alone state it with particularity. This failure alone is fatal to Plaintiff's claims. *See id.*; *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, No. 20-CV-23392, 2021 WL 3666312, at *20 (S.D. Fla. Aug. 18, 2021) ("Without detailed factual allegations regarding the nature of these misrepresentations, as required under Rule 9(b), Plaintiff[] fail[s] to sufficiently allege a basis for the inequitable retention of a benefit conferred.").

Regarding the "*who*" of the alleged misrepresentations, the Complaint does not cite a single post of the Individual Defendants that Plaintiff viewed. Compl. ¶¶ 13-15. Indeed, the only two posts in the Complaint that allegedly relate to Luli Fama are

proffered only as examples, and Pop does not claim to have viewed these undated posts prior to making the purchase.  *Id.* ¶ 16.

The allegations regarding Hanimian and the Luli Fama Defendants are even more threadbare.  A search of the complaint for Hanimian's name finds that she only appears in two substantive paragraphs, and those allegations only describe her background and alleged role at the company, not her involvement in the alleged fraud.  *See id.* ¶¶ 7, 21.  More specifically, Plaintiff alleges no misrepresentations of Hanimian, no omissions of Hanimian, and no specific actions taken by Hanimian regarding marketing, social media, the Individual Defendants, or the alleged sale at issue.  Accordingly, all claims against Hanimian are unsupported by any factual allegations and must be dismissed.  *See Mohit v. West*, No. 20-CV-813, 2020 WL 4547891, at *2-3 (M.D. Fla. Aug. 6, 2020) (Covington, D.J.) (dismissing complaint where it "contain[ed] no allegations whatsoever specifically pertaining to [certain] [d]efendants").

Similarly, the allegations against the Luli Fama Defendants are so perfunctory as to be nonexistent, especially compared to the requirements of Rule 9(b).  LuliBabe appears in only one paragraph of the Complaint, which states that "My Lulibabe, LLC . . . is a company registered in Florida."  Compl. ¶ 20.  And the Complaint makes only general and conclusory allegations against Luli Fama, which are insufficient.  *See Sky Enters., LLC v. Offshore Design & Drilling Servs., LLC*, No. 16-CV-916, 2017 WL 519115, at *2 (M.D. Fla. Feb. 8, 2017) (finding conclusory allegations that the defendant's conduct "consisted of deceptive and unfair trade practices" insufficient to satisfy Rule

9(b)).  There are no substantive allegations of misstatements or omissions by the Luli Fama Defendants, when such statements occurred, or even the general content of such statements.  Consequently, all claims against the Luli Fama Defendants should be dismissed.

In an apparent attempt to address the Luli Fama Defendant's liability, the Complaint alleges that "[b]y instructing and allowing the Influencers to advertise its products without making the proper disclosures, Luli Fama is in violation of Section 5(a) of 15 U.S.C. §45(a), which is a per se violation of FDUTPA."  Compl. ¶ 53.  But this vague and conclusory allegation of a "scheme" is not enough.[5]  *Id.* ¶ 4; *see Sky Enters.*, 2017 WL 519115, at *2 ("Each paragraph under the FDUTPA counts contains conclusory allegations, such as 'ODS' creation, formation and participation in the Kickback Scheme consisted of deceptive and unfair trade practices.'").  There is no allegation of the content of such instruction, when such instruction occurred, or even who gave such an instruction.

In sum, the Complaint leaves the Luli Fama Defendants "guessing as to precisely what statements (or omissions) it made, when [they] made them, how these statements misled [Plaintiff], and the consequences to [Plaintiff]."  *See Cluck-U Chicken,*

---

[5] Despite mentioning this "scheme," nowhere in the Complaint does Plaintiff allege any theory of liability which would hold the Luli Fama Defendants or Hanimian liable for the other Defendants' actions.  *Principal Life Ins. Co. v. Mosberg*, No. 09-CV-22341, 2010 WL 473042, *5-6 (S.D. Fla. Feb. 5, 2010) (finding that conspiracy was not sufficiently alleged and, therefore, the defendant was not liable for the underlying tort); *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1345 (S.D. Fla. 2018) ("[A]llegations that the co-conspirators were 'engaged in the same 'scheme,' alone, are insufficient to state a claim for civil conspiracy."); *Angell v. Allergan Sales, LLC*, No. 18-CV-283, 2019 WL 3958262, *17 (M.D. Fla. Aug. 22, 2019) (finding that the defendant could not be liable for another's wrongful conduct because plaintiff's conspiracy and aiding and abetting claims against the defendant were insufficiently pled).

11

*Inc. v. Cluck-U Corp.*, No. 15-CV-2274, 2017 WL 10275959, at *2 (M.D. Fla. Jan. 11, 2017). In short, the Complaint fails to inform Defendants of the act each is accused of doing (or not doing) and instead lumps various corporate entities and individuals together in a single mass without so much as a baseline articulation as to the nature of each's individual acts of wrongdoing. As such, the Complaint should be dismissed in its entirety under Rule 9(b).

### B. Plaintiff Fails to State a Claim Under FDUTPA (Count I).

Putting aside Plaintiff's pleading issues, the FDUTPA claim fails for three independent reasons: (a) Plaintiff has failed to allege a deceptive or unfair practice, and his overreliance on FTC guidance is misplaced; (b) there is no causal connection between the alleged (but unidentified) posts and the alleged "quality" issues; and (c) the harm or loss caused by the alleged conduct is a vague and speculative dissatisfaction with the "quality" of the product.

#### a. *Plaintiff Has Not Pled an Unfair or Deceptive Act or Practice.*

An essential element of a FDUTPA claim is an alleged "deceptive or unfair practice." *E.g., Parr v. Maesbury Home, Inc.*, No. 09-CV-1268, 2009 WL 5171770, at *7 (M.D. Fla. Dec. 22, 2009). This element is satisfied by alleging a *per se* deceptive or unfair act by asserting a violation of "[a]ny rules promulgated pursuant to the Federal Trade Commission Act" or "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(a), (c); *see Parr*, 2009 WL 5171770, at *7. However, simply citing a rule or statute, without showing a violation of that rule or

12

statute, is insufficient to allege a *per se* FDUTPA violation.  *Blair v. Wachovia Mortg. Corp.*, No. 11–CV–566, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012) (merely alleging violation of a rule is insufficient to negate obligations of pleading in *per se* FDUTPA claim).  Rather, a plaintiff must plead a factual basis to conclude there was a violation of the law, rule, or statute and not just rely on conclusory allegations.  *Id.*

The Complaint is slim on this point.  Plaintiff apparently relies on an alleged *per se* violation of FDUTPA, *see* Compl. ¶¶ 52, 53, 69, asserting in one paragraph that the Individual Defendants (*i.e.*, the "Influencers") violated 16 C.F.R. § 255.5 ("Section 255.5"), *see* Compl. ¶ 44.  Specifically, Plaintiff's theory is that the Influencers violated Section 255.5 by failing to disclose their paid status when wearing the bathing suits, which necessarily violated 15 U.S.C. § 45 (the "FTC Act"),[6] which is a *per se* violation of FDUTPA.[7]  *See, e.g., id.* ¶¶ 44, 53.

But, fundamentally, Section 255.5 cannot form the basis of a *per se* FDUTPA violation.  A *per se* FDUTPA violation lies where there is a violation of "rules promulgated" by the FTC.  Fla. Stat. § 501.203(3).  But Section 255.5 is what the FTC

---

[6] Plaintiff cites to "Section 5(a) of 15 U.S.C. § 45(a)," however, there is no Section 5(a) in that statute. Defendants presume that Plaintiff refers to Section 5 of the FTC Act, codified at 15 U.S.C. § 45.

[7] Without the reference to Section 255.5, a general assertion that Defendants violated the FTC Act would not substantiate a *per se* FDUTPA violation.  *E.g.*, Compl. ¶ 53.  The FTC Act merely states that unfair and deceptive trade practices are unlawful and empowers the FTC Commission to propagate rules.  *See* 15 U.S.C. § 45(a).  While Florida courts give "due consideration" to interpretations of what constitutes an unfair and deceptive trade practice under the FTC Act, the act itself does not "proscribe[] unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" specifically.  *See* Fla. Stat. § 501.203(3).  Thus, Plaintiff's conclusory citation to 15 U.S.C. § 45(a) does not allege a *per se* violation of FDUTPA.  *See Stubblefield v. Follett Higher Educ. Grp., Inc.*, No. 10-CV-824, 2010 WL 2025996, at *3 (M.D. Fla. May 20, 2010) (a conclusory statement that defendant's actions "violate state and federal laws prohibit[ing] theft and fraud" does not satisfy pleading standards for a FDUTPA claim).

calls a "Guide." *See, e.g.*, 16 C.F.R. § 255 ("Guides Concerning Use of Endorsements and Testimonials in Advertising"). "[G]uides are administrative *interpretations* of laws administered by the Commission for the guidance of the public in conducting its affairs in conformity with legal requirements. They provide the basis for *voluntary* and simultaneous abandonment of unlawful practices by members of industry." 16 C.F.R. Ch. I, Subch. B, Pt. 17 (emphasis added); *see also Guides Concerning the Use of Endorsements and Testimonials in Advertising* ("*Guides Concerning Endorsements*"), 87 FR 44288-01 (2022) (Guides are "advisory in nature."); *Guides Concerning the Use of Endorsements and Testimonials in Advertising*, 85 FR 10104-01 (2020) ("The Guides interpret laws the Commission administers, and thus are advisory in nature."). Accordingly, Section 255.5 is purely advisory, and *it cannot be violated.*[8] *See* 16 C.F.R. § 255.0(a) ("Whether a particular endorsement or testimonial is deceptive will depend on the specific factual circumstances of the advertisement at issue."). Therefore, it cannot form the basis of a *per se* FDUTPA claim.[9] *See Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 641 (S.D.N.Y. 2018) (dismissing claim under California consumer statutes based on Section 255.5, stating that "the FTC does not

---

[8] If the FTC brings an action alleging a violation of the guide, they must separately prove that "a particular use of an endorsement or testimonial was deceptive under [the FTC Act]." *Guides Concerning Endorsements*, 87 FR 44288-01. Hence, violation of a Guide is not itself deceptive under federal law, even in an action brought by the FTC.

[9] Plaintiff similarly cannot rely on Section 255.5 as a "rule" or "regulation . . . which proscribes" conduct. Fla. Stat. § 501.203(3). Section 255.5 does not "proscribe" or "prohibit" an action, but rather suggests an affirmative action. Thus, Section 255.5 likewise is not a "law, statute, rule, regulation, or ordinance which proscribes." *See Fox v. Ritz-Carlton Hotel Co., LLC*, No. 17-CV-24284, 2022 WL 6566991, at *12 (S.D. Fla. Aug. 11, 2022) (a statute requiring an affirmative action does not "proscribe" within the meaning of FDUTPA).

provide a right of action, and [a party] cannot engineer one through California law");
*cf. State Farm Mut. Auto. Ins. Co. v. At Home Auto Glass LLC*, No. 21-CV-239, 2021 WL
6118102, at *6 (M.D. Fla. Dec. 27, 2021) (finding a *per se* violation under FDUTPA
only where "[t]he FTC Rule expressly provides that violations are 'unfair and
deceptive.'").

In any case, even if Plaintiff correctly identified a statute or rule that could serve
as a FDUTPA predicate, Plaintiff failed to allege that the Luli Fama Defendants
violated it.   *See Alexander v. Certegy Check Servs., Inc.*, No. 16-CV-859, 2016 WL
5843176, at *4 (M.D. Fla. Oct. 4, 2016) ("Because Plaintiff has not successfully alleged
a violation of the [predicate statute], the Court declines to address whether Plaintiff
alleges a *per se* FDUTPA violation.").   As an initial matter, the Complaint contains no
allegation whatsoever that the Luli Fama Defendants violated Section 255.5.   Indeed,
the allegation by its terms apply only to the "Influencers."   *See* Compl. ¶ 44 ("[N]one
of the Influencers use the "paid partnership tag suggested by the FTC . . . .").
Consequently, that allegation does not apply to the Luli Fama Defendants or
Hanimian, and this Count must be dismissed insofar as it implicates them.

More fundamentally, the alleged violation of Section 255.5 rests solely on
conclusory allegations insufficient to sustain it.   The Complaint hangs its *per se*
violation against the Luli Fama Defendants on the allegation that "[b]y instructing and
allowing the Influencers to advertise its products without making the proper
disclosures, Luli Fama is in violation of [the FTC Act]" through Section 255.5.
Compl. ¶ 53.  But this rests solely on two conclusory assertions: (1) there was a material

15

connection between the Luli Fama Defendants and the Individual Defendants, and (2) the Luli Fama Defendants gave instructions to the Influencers regarding disclosures. These two conclusory statements are insufficient to support a violation of Section 255.5.  *See* Section IV.A., *supra*.

Moreover, Section 255.5 applies only to "endorsements."  An "endorsement means any advertising message . . . that consumers are likely to believe reflects the opinions, beliefs, findings, or experiences of a party other than the sponsoring advertiser, even if the views expressed by that party are identical to those of the sponsoring advertiser."  16 C.F.R. §255.0(b).  Here, the allegations in the Complaint related to the posts do not highlight any "endorsement."  Rather, the allegations indicate only that the Individual Defendants posted photos of themselves in swimsuits or "tagged" Luli Fama.  A mere photo of someone in her swimsuit is not an endorsement or advertisement within the meaning of Section 255.5 that reflects an opinion or belief.  Thus, Plaintiff's claim of a violation is unsupported by factual allegations and should be dismissed.  *Blair*, 2012 WL 868878, at *3 ("Plaintiff fails to provide any factual basis from which this Court could find, viewing the facts in the light most favorable to Plaintiff, that Defendants' conduct constituted a violation of any of the named federal statutes.").

Finally, Plaintiff failed to adequately allege that the conduct of the Defendants is deceptive so as to support a "traditional violation" of FDUTPA.  *Id.* at *2-3 (quotation marks omitted).  "A deceptive act or unfair practice may be found when there is a representation, omission, or practice that is likely to mislead the consumer

16

acting reasonably in the circumstances, to the consumer's detriment." *Id.* (internal quotations omitted). The "standard requires a showing of probable, not possible, deception that is likely to cause injury to a reasonable relying consumer." *Casey v. Fla. Coastal Sch. of L., Inc.*, No. 14-CV-1229, 2015 WL 10096084, at *6 (M.D. Fla. Aug. 11, 2015) (internal quotation omitted), *report and recommendation adopted*, No. 14-CV-01229, 2015 WL 10818746 (M.D. Fla. Sept. 29, 2015). Here, as described in Section IV.B.b *infra*, Plaintiff cannot claim that the practice here—the failure to disclose an alleged material connection on a picture of a woman in a swimsuit—would have been likely to mislead a reasonable consumer, let alone mislead to their detriment.

Further, in a case similar to the one here, the Southern District of New York concluded that the mere failure to disclose was insufficient to make out a claim that a consumer was "likely . . . deceive[d]." *Lokai Holdings,* 306 F. Supp. 3d at 641. In *Lokai*, the allegations were the same conclusory allegations as here, and the court determined that "outside of conclusory allegations of a violation of the FTC Guidelines, [the plaintiff] has not alleged any facts that plausibly raise an inference that the non-disclosure of paid endorsements is likely to lead consumers to believe that the endorsements are unpaid." *Id.* at 641-42. Here, not only do the conclusory allegations not get Pop over the hump, but the actual allegations also indicate that Pop could not have been deceived. More specifically, Pop admits that he followed these alleged influencers, Compl. ¶ 46, and that he knew they were paid influencers, Compl. ¶¶ 44-46. Any "reasonable" consumer viewing the alleged posts, under the circumstances, could not reasonably conclude that the alleged endorsement was

unpaid.  And, Plaintiff fails to articulate how a picture of an individual in a swimsuit makes a "representation" as to the quality of the product, his chief complaint.[10]  Thus, no matter how Plaintiff attempts to allege a FDUTPA violation, the claim fails as a matter of law. *Casey*, 2015 WL 10096084, at *16 (dismissing FDUTPA claim with prejudice when plaintiffs failed "to allege facts that state a plausible deceptive or unfair act or practice").  This is nothing more than a case of buyer's remorse, which is not a violation of the law.  *See Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021).

>   b. *There is No Causal Connection Between the Alleged Wrongdoing and the Alleged Harm.*

The Complaint alleges that Plaintiff was harmed by receiving a swimsuit that was of allegedly "inferior quality."  Compl. ¶ 5.  That harm, however, has nothing to do with the alleged unfair or deceptive conduct, *i.e.*, the alleged failure to disclose a relationship to Luli Fama.  Accordingly, the FDUTPA count should be dismissed.

To succeed on a FDUTPA claim, the plaintiff must allege that the unfair practice caused the harm at issue.  *E.g., Parr*, 2009 WL 5171770, at *7.  "Causation under FDUTPA must be direct, rather than remote or speculative."  *Stewart Agency, Inc. v. Arrigno Enters., Inc.*, 266 So. 3d 207, 213 (Fla. 4th DCA 2019) (quoting *Lombardo v. Johnson & Johnson Consumer Cos., Inc.,* 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015)); *Fuccillo v. Century Enterprises, Inc.,* No. 18-CV-1236, 2019 WL 11648480, at *7 (M.D.

---

[10] Indeed, Plaintiffs make no allegation that the photographs have been altered, doctored, or make any representation whatsoever as to the nature of the product itself.

18

Fla. Mar. 8, 2019) (same).   Indeed, the statute provides that a FDUTPA claim for actual damages can only come from a "loss *as a result of*" the FDUTPA violation.   Fla. Stat. § 501.211(2) (emphasis added); *Marketran, LLC v. Brooklyn Water Enterprises, Inc.*, No. 16-CV-81019, 2017 WL 1292983, at *3-4 (S.D. Fla. Jan. 31, 2017) (dismissing FDUTPA claim when the loss, if anything, flowed from breach of contract, not a deceptive act).   Thus, where the loss or damage does not result from the FDUTPA violation, the claim fails for lack of causation.   *E.g.*, *Stewart Agency*, 266 So. 3d at 213 (loss came from plaintiff's choice to not continue in business, not defendant's conduct).

For example, in *Hennegan Co. v. Arriola*, the plaintiff sued its former employee for a FDUTPA violation, based, in part, on the allegation that it lost sales because its former employee, the defendant, had allegedly shifted customers' business to competitors.   855 F. Supp. 2d 1354, 1356-57 (S.D. Fla. 2012).   The evidence, however, showed that the customers went elsewhere, not because of the defendant's conduct, but because of reasons related to personal customer choices (*i.e.*, wanting a local business and personal dislike for the salesperson) and a general downturn in business. *Id.* at 1359.   The court rejected the FDUTPA claim because there was no causation (or damages) that flowed from the conduct of the defendant.   *Id.* at 1361.

The same is true here.   The alleged wrong or deceptive act in the Complaint was the failure to disclose the purported link between Luli Fama and the Individual Defendants.   Plaintiff alleges that he purchased the swimwear "*exclusively* because of the way the products are advertised."   Compl. ¶ 43 (emphasis added).   But the alleged injury is the receipt of the swimwear that did not meet an unidentified quality

expectation.  Nothing in the Complaint indicates the alleged posts at issue made any representations about the quality of the product or improperly set Plaintiff's expectations.  In fact, the limited posts cited in the Compliant contain no statements regarding quality or value at all.  Plaintiff does not even allege that the products he received were materially different from those advertised.  In reality, Plaintiff purchased the products based on an Instagram post and got, for better or worse, exactly what was posted.  Plaintiff was not injured by the failure to disclose the alleged paid status of the women making the Instagram posts.

Plaintiff's claims as to the Luli Fama Defendants fail for an additional reason: Plaintiff fails to allege any conduct by the Luli Fama Defendants connecting them to his injury.  *See Lombardo*, 124 F. Supp. 3d at 1290 (dismissing FDUTPA claim because it was the retailers, not the defendants, who engaged in the alleged deceptive practice). Luli Fama's involvement in the alleged deceptive practice is limited to it "devis[ing] a scheme in which the influencers tag or recommend Luli Fama products, pretending they are disinterested and unaffiliated consumers" and "instructing and allowing the Influencers to advertise its products without making the proper disclosure."  Compl. ¶¶ 4, 53.  As previously explained in Section IV.A. *supra*, Plaintiff has failed to allege with particularity a scheme between Luli Fama and the Individual Defendants. Because Plaintiff's allegations regarding Luli Fama rest solely on conclusory allegations of this scheme, Plaintiff does not state any actions taken by Luli Fama which can satisfy causation.

Finally, Plaintiff fails to show that the misrepresentations "would have deceived an objectively reasonable person" as required for causation. *Hitchcock v. Scipione*, No. 13-CV-2581, 2013 WL 6184037, at *1 (M.D. Fla. Nov. 25, 2013). Plaintiff "cannot claim, nor . . . offer any facts, that a reasonable consumer in the same circumstances would have taken" the Individual Defendants' social media posts as "honest consumer advice." *See Nivia v. Nationstart Mortg., LLC*, No. 13-CV-24080, 2014 WL 4146889, at *6 (S.D. Fla. Aug. 21, 2014). To the contrary, the Complaint repeatedly states that it is known and understood that influencers advertise for the companies included in their social media posts. *See* Compl. ¶ 15 ("Even without using words, by wearing and tagging the Luli Fama products in their posts, the Influencers indisputably advertise and endorse these products."); *id.* ¶ 16 ("Undisclosed advertising is prevalent on Instagram over the last few years."); *id.* ¶¶ 44-46 (describing that the Individual Defendants endorse other products with the proper disclosures). Further, Plaintiff states that "Instagram has become one of the most popular ways to influence consumer behavior on social media." *Id.* ¶ 36. The Instagram accounts that Plaintiff viewed were clearly not "honest consumer recommendation" accounts nor were they representing themselves as unbiased product review sites; instead, the Individual Defendants' accounts clearly advertise products "even without using words." *Id.* ¶¶ 9, 15.

Plaintiff's claim should be dismissed. *See, e.g.*, *Lokai Holdings*, 306 F. Supp. 3d at 641-42 ("[O]utside of the conclusory allegations of a violation of [Section 255.5], Twin Tiger has not alleged any facts that plausibly raise an inference that the non-

disclosure of paid endorsements is likely to lead consumers to believe that the endorsements are unpaid."); *Kuenzig v. Kraft Global Foods, Inc.*, No. 11-CV-838, 2012 WL 366927, at *4 (M.D. Fla. Feb. 3, 2012) (dismissing FDUTPA claim with prejudice when an objectively reasonable person would understand that "percent fat free" advertising claims had been based on weight, not calories, for years).

### c. *Plaintiff Cannot Support Actual Damages under FDUTPA.*

Even if Plaintiff correctly asserted a *per se* violation, Plaintiff must still plead facts sufficient to allege actual damages. *Parr*, 2009 WL 5171770, at *8. Actual damages "are measured according to the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Marrache*, 17 F.4th at 1098 (internal quotation omitted). FDUTPA "does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Id.* Thus, in *Clear Marine Ventures Ltd. v. Brunswick Corp.*, the Court dismissed a FDUTPA claim because the plaintiff's claim of actual damages did not "rise above the speculative level." No. 08-CV-22418, 2010 WL 528477, at *5 (S.D. Fla. Feb. 11, 2010). The plaintiff claimed that a sport-fishing vessel was "aesthetically unpleasing" and, therefore, was "entirely unsellable." *Id.* at *4. However, "nowhere in the allegations [was] there . . . a suggestion of how the aesthetic changes affected . . . the value beyond mere speculation." *Id.* Thus, the complaint only contained "an unsupported assertion" that the vessel was "worthless." *Id.*

Here, Pop paid the fair market value for the swimsuit (which he apparently viewed on Instagram), and he received exactly what he paid for: a swimsuit. Thus, any actual damages are speculative at best. Plaintiff's claim for actual damages relies on the conclusory statement that the "purchased products proved to be of a lower value than the price paid," without stating the price paid, the products purchased, or their alleged actual value. Compl. ¶¶ 5, 55. Although Plaintiff alleges that he attempted to sell the unused product on eBay and "received only small offers that barely covered shipping," Plaintiff does not state what he attempted to sell the product for and the amount of those offers. Compl. ¶ 57.

Further, the resale value of a swimsuit on eBay is not the correct measure. The measure is the difference in the fair market value of what was received versus what was paid. And, on this point, there is simply no allegation in the complaint, conclusory or otherwise, that the fair market value of what was received was below what was paid. Pop paid for a swimsuit and he got a swimsuit. He just *subjectively* did not like the swimsuit. That, however, is not the measure of FDUTPA damages. And, while the plaintiff in *Clear Marine Ventures* alleged that the vessel was not "aesthetically pleasing" and had a problem with the hull, Plaintiff here does not explain his subjective reasons *why* the Luli Fama products he received "proved to be of a lower value than the price paid." *Compare Clear Marine Ventures*, 2010 WL 528477, at *4, *with* Compl. ¶¶ 54-57. Instead, Plaintiff's claims, at most show that he was dissatisfied with his purchase, and FDUTPA does not support recovery for "subjective feelings of disappointment." *Marrache*, 17 F.4th at 1101 (affirming dismissal of FDUTPA claim

because the plaintiff "failed to state a plausible claim for actual damages under FDUTPA"). Based on Plaintiff's failure to allege actual damages, the FDUTPA claim should be dismissed.

>    d.  *Plaintiff's Request for Injunctive Relief and Declaratory Judgment Must Be Dismissed.*

Plaintiff also requests injunctive relief and a declaratory judgment that "Defendants' practice violates the law." Compl. ¶¶ 73-74. First, to state a claim for injunctive relief or declaratory judgment under FDUTPA, Plaintiff must show he was "aggrieved" by an unfair or deceptive trade practice. *See* Fla. Stat. § 501.211(1). As described more fully in Section IV.B.c. *supra*, Plaintiff failed to allege that the Luli Fama Defendants' alleged practice caused Plaintiff to be aggrieved, and thus the requests for injunctive relief and declaratory judgment should be dismissed. *See Haun v. Don Mealy Imports, Inc.*, 285 F. Supp. 2d 1297, 1307 (M.D. Fla. 2003) (dismissing claim for injunctive relief under FDUTPA when plaintiff alleged only "subjective feelings of disappointment" and, therefore, failed to allege he was "aggrieved"). Second, the purpose of a declaratory judgment "is to clarify the legal relations at issue and to settle controversies prior to a legal breach of duty or contract." *Marketran*, 2017 WL 1292983, at *4. As Plaintiff's request for a declaratory judgment merely "seeks a declaration that [Defendants'] actions violated the FDUTPA[, such] a declaration has no apparent legal significance beyond [Plaintiff's] immediate attempt to collect damages." *See id.* at *4. Therefore, like Plaintiff's claim for damages under FDUTPA, his claims for injunctive relief and declaratory judgment should be dismissed as well.

*Id.* at *5 (dismissing claim for injunctive relief and declaratory judgment under FDUTPA).

### C. Plaintiff's Unjust Enrichment Claim is Barred (Count II).

The unjust enrichment claim relies on the same alleged conduct as the FDUTPA claim and likewise fails.

To state a claim for unjust enrichment, Plaintiff must allege that: (1) Plaintiff conferred a benefit on Luli Fama; (2) Luli Fama "voluntarily accept[ed] and retain[ed] the benefit conferred"; and, (3) "the circumstances are such that it would be inequitable for [Luli Fama] to retain the benefit without first paying the value thereof to [Plaintiff]."[11] *State Farm Mut. Auto. Ins. Co. v. Lewin*, 535 F. Supp. 3d 1247, 1266 (M.D. Fla. 2021). However, as this Court explained, an unjust enrichment claim "may not be predicated on a wrong committed by a defendant." *Id.* at 1266.

When the inequity is based "on wrongful conduct of a defendant," the right to recover "arises from the wrong of the alleged tort rather than unjust enrichment." *Electrostim Med. Servs., Inc. v. Lindsey*, No. 11–CV–2467, 2012 WL 1560647, at *4 (M.D. Fla. May 2, 2012) (Covington, D.J.). Even if the tort claim is defective as a

---

[11] Further, courts in the Middle District of Florida have recognized that "unjust enrichment is . . . not available where there is an adequate legal remedy.'" *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (quotation marks omitted). Thus, when an unjust enrichment claim is based on the same factual allegations underlying a FDUTPA claim, it must be dismissed because the FDUTPA claim provides the plaintiff with an adequate statutory remedy. *PB Prop. Mgmt.*, 2013 WL 12172912, at *7 ("Defendants maintain that Plaintiff cannot plead unjust enrichment—an equitable, quasi-contract claim—because it has an adequate remedy at-law; namely, its express warranty and FDUTPA claims. Defendants are correct."). Here, Plaintiff has not stated that his unjust enrichment claim is brought "in the alternative" and attempts to bring his unjust enrichment claim in addition to his FDUTPA claim, which is impermissible. Therefore, the unjust enrichment claim should be dismissed for this independent reason.

matter of law, a plaintiff cannot alternatively bring an unjust enrichment claim based on alleged wrongful conduct. *See Guerro v. Target Corp.*, 889 F. Supp. 2d 1348, 1357 (S.D. Fla. 2012) ("[I]f Plaintiff cannot prevail on her FDUTPA claim, she cannot prevail on her unjust enrichment claim."). In *Day v. Sarasota Doctors Hospital, Inc.*, this Court found that the plaintiff's right to recover for the defendant's wrongful acts arose from a FDUTPA claim, not unjust enrichment. No. 19-CV-1522, 2020 WL 7390153, at *7 (M.D. Fla. Feb. 7, 2020) (Covington, D.J.). In the complaint, the plaintiff alleged that the defendants employed deceptive billing practices in violation of FDUTPA. *Id.* at *4. Similarly, the complaint's unjust enrichment claim arose from "the alleged unjust nature of [the defendant's] acceptance and retention of payment for [the plaintiff's] charges [which] stem[med] directly from its billing practices, which [allegedly] violate[d] . . . the FDUTPA." *Id.* at *7. However, the Court explained that a claim for "unjust enrichment is concerned solely with enrichments that are unjust *independently* of [tortious] wrongs and contracts." *Id.* (citing *Flint v. ABB, Inc.*, 337 F.3d 1326, 1330 n.2 (11th Cir. 2003)). Because the unjust enrichment claim was dependent on the wrongful act of the defendant, the plaintiff could not "properly state a claim for unjust enrichment based on the allegations" in the complaint. *Day*, 2020 WL 7390153, at *7.

Plaintiff's unjust enrichment claim mirrors the unjust enrichment claim in *Day*—the claim is based on the same wrongful acts underlying an alleged FDUTPA violation. Plaintiff's FDUTPA claim alleges that the Luli Fama's advertising practices are "illegal, unethical, [and] unscrupulous," constituting a violation of FDUTPA.

26

Compl. ¶¶ 69-70.  In the same vein, the unjust enrichment claim clearly states that "[i]f the Defendants do not compensate the Plaintiff and the class members, they would be unjustly enriched as a result of their unlawful act or practices."[12]  Compl. ¶ 78.  Thus, the "circumstances" which make Luli Fama's retention of Plaintiff's money inequitable are the same that underlie the alleged FDUTPA violation.  Because the "unjust enrichment claim is premised on wrongful conduct allegedly committed by [the Defendants], . . . Plaintiff's claim fails as a matter of law."  *See FreeStyle Slides, Inc. v. Super Sweet Air, Inc.*, No. 17-CV-169, 2018 WL 3819073, at *5 (M.D. Fla. July 9, 2018).

Moreover, even if Plaintiff's claim were not premised on wrongful conduct, it would still fail.  The alleged benefit that Plaintiff conferred on the Luli Fama Defendants is the price for the undisclosed products that Plaintiff purchased.[13]  Compl. ¶ 77.  However, this is money Plaintiff paid for products that Plaintiff received.  Compl. ¶ 56.  Although Plaintiff takes issue with the subjective quality of the products based on his individual perception, there is no allegation that the Luli Fama Defendants did not send Plaintiff exactly what he contracted to purchase.  Thus, Plaintiff cannot replead to allege the inequitable retention of a benefit, and the unjust enrichment claim should be dismissed with prejudice.  *See Parker Auto Body Inc. v. State Farm Mutual Auto.*

---

[12] *See also id.* ¶ 79 ("It is an equitable principle that no one should be allowed to profit from his own wrong, therefore it would be inequitable for the Defendants to retain said benefit and reap an unjust enrichment.").

[13] Although Plaintiff states that it "conferred a direct benefit to each of the Defendants," Plaintiff never paid or directed a benefit toward any of the Individual Defendants or Hanimian.

*Ins. Co.*, No. 14-CV-6004, 2016 WL 4086777, at *13 (M.D. Fla. Ap. 5, 2016) ("Unjust enrichment is not available to secure a better bargain for Plaintiff[]" than the one Plaintiff voluntarily accepted.).

### D. The Negligent Misrepresentation Claim (Count III) Fails to Plead An Essential Element and Should be Dismissed.

The problem with Count III is straightforward.  The Complaint fails because it does not allege *any* representation, let alone a "material misrepresentation," made by the Luli Fama Defendants or Hanimian that is actionable.  Florida law requires that all negligent misrepresentation claims allege a "misrepresentation of material fact." *E.g., Linville v. Ginn Real Est. Co., LLC*, 697 F. Supp. 2d 1302, 1307 (M.D. Fla. 2010).

Here, with regard to the Luli Fama Defendants, the Complaint alleges only that "[i]n convincing Plaintiff to purchase Luli Fama products, Defendants made representations that they knew to be false, or negligently failed to examine the veracity of the affirmations."  Compl. ¶ 83.  However, nowhere in Count III does Plaintiff cite to a single specific misrepresentation made by the Luli Fama Defendants (or any other Defendant) to Plaintiff.  Count III's incorporation by reference of the preceding paragraphs does not help: *nowhere* in the Complaint does Plaintiff allege a statement, representation, or misrepresentation by the Luli Fama Defendants or Hanimian.[14]  *See*

---

[14] For the same reason, Plaintiff fails to show any injury resulting from any misrepresentation by the Luli Fama Defendants.  "Injuries in negligent misrepresentation are limited to loss suffered . . . through reliance upon the false information." *Barilla v. Seterus, Inc.*, No. 19-CV-46, 2019 WL 4060154, at *4 (M.D. Fla. Aug. 28, 2019) (internal quotations omitted).  Plaintiff's injury, allegedly overpaying for swimwear that was of "inferior quality," does not "stem[] from [the Luli Fama Defendants'] alleged misconduct"—failing to disclose a connection to the Influencer Defendants.  *See Loftin v. KPMG LLP*, No. 02-CV-81166, 2003 WL 22225621, at *7 (S.D. Fla. Sept. 10, 2003) (dismissing negligent misrepresentation claim when plaintiff was not injured as a result of his reliance on the

*generally* Compl.  Moreover, even if a statement or representation could be found in the Complaint, Plaintiff fails to allege that any misrepresentation was material.  *See Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010) ("An action for . . . negligent misrepresentation generally cannot be predicated on opinions."); *Doherty v. Infuserve Am., Inc.*, No. 21-CV-0454, 2022 WL 3043034, at *4 (M.D. Fla. Aug. 2, 2022) (dismissing a negligent misrepresentation claim when the plaintiff did not clearly show why the fact would be material).  Count III should be dismissed.  *See Simony v. Fifth Third Mortg. Co.*, No. 14-CV-387, 2014 WL 5420796, at *4-5 (M.D. Fla. Oct. 22, 2014).

Plaintiff cannot fix this fatal mistake by claiming that there was a misrepresentation by omission.  Plaintiff did not allege a misrepresentation by omission in the Complaint.  But, even if he had, Plaintiff could not allege such a cause of action because "the failure to disclose material information is not actionable as part of a negligent misrepresentation claim absent some fiduciary or fiduciary-like duty to disclose the information."  *Hawaiian Airlines, Inc. v. AAR Aircraft Services, Inc.,* 167 F. Supp. 3d 1311, 1322 (S.D. Fla. 2016).  Here, Plaintiff has not alleged any duty, let alone a fiduciary-like duty, owed to him by the Luli Fama Defendants, nor could he.  *See Advisor's Cap. Invs., Inc. v. Cumberland Cas. & Sur. Co.*, No. 05-CV-404, 2007 WL 220189, at *3 (M.D. Fla. Jan. 26, 2007) (acknowledging that a negligent

---

misrepresentation).  And, as previously discussed, any damages are speculative at best. *See Bloch v. Wells Fargo Home Mortg.*, 755 F.3d 886, 890 (11th Cir. 2014) (affirming dismissal of negligent misrepresentation claim when the injury was "based on speculation and conjecture").

misrepresentation claim based on omission must be dismissed where the plaintiff failed to allege any relationship or communications between the parties, and, thus, the defendant had "no duty to disclose" facts to the other party). Accordingly, any theory of misrepresentation by omission also fails.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in its entirety with prejudice.[15]

WHEREFORE, the Luli Fama Defendants and Defendant Hanimian respectfully request that the Court enter an order: (1) granting this Motion to Dismiss in its entirety and dismiss all counts with prejudice; (2) awarding the Luli Fama Defendants and Hanimian attorneys' fees under Fla. Stat. § 501.2105; and (3) granting any other relief deemed just and proper.

Dated: December 23, 2022                         Respectfully submitted,

---

[15] Plaintiff's attorney, Mr. Bogdan Enica, has made a practice of asserting such claims without success, including at least two other lawsuits against Defendant Collins that were dismissed. *See Colceriu v. Barbary*, No. 21-14370 (No. 21-14370) (11th Cir. Aug. 19, 2022) (affirming dismissal of plaintiff's complaint against company and influencers for lack of standing because plaintiff did not suffer an injury-in-fact); *Colceriu v. Influize*, No. 50-2021-CA-004981 (Fla. 11th Cir. Nov. 22, 2021) (granting Alexa Collins' motion on the pleadings). Mr. Enica's most recent case, filed seventeen days after the instant complaint, brings a different, but strikingly similar, class action against Defendant Collins and others in the Northern District of Illinois on behalf of the same plaintiff, Alin Pop. *See Mario Salva & Alin Pop v. 21st Century Spirits, LLC et al.*, No. 22-CV-6083 (N.D. Ill. Nov. 3, 2022).

**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue
Suite 4400
Miami, Florida 33131
Telephone:  305.579.0500
Facsimile:  305.579.0717

*Attorneys for Defendants LULIFAMA.COM.*
*LLC, MY LULIBABE, LLC, LOURDES*
*HANIMIAN a/k/a LULI HANIMIAN*

By:  */s/ Jed Dwyer*
        JARED DWYER
        Florida Bar No. 104082
        dwyerje@gtlaw.com
        EMILEY PAGRABS
        Florida Bar No. 1030834
        pagrabse@gtlaw.com

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the Luli Fama Defendants and Hanimian conferred with Plaintiff's counsel by phone on December 22, 2022 regarding this Motion.  Plaintiff opposes the Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2022, I caused the foregoing to be filed and uploaded to the Court's CM/ECF system which, in turn, provided notice to all counsel of record.

                        */s/ Jed Dwyer*
                         JARED E. DWYER

## SERVICE LIST

Bogdan, Enica, Esq.
PRACTUS, LLP
66 West Flagler St. Ste. 937
Miami, FL 33130
Telephone: (305) 539-9206
Email: Bogdan.Enica@practus.com

Keith L. Gibson (pro hac vice forthcoming)
IL Bar No.: 6237159
11300 Tomahawk Crk. Pkwy. Ste. 310 Leawood, KS 66211
Telephone: (630) 677-6745
Email: Keith.Gibson@practus.com

*Counsel for Plaintiff and the Putative Class*

Jeffrey A. Backman
jeffrey.backman@gmlaw.com
Roy Taub
roy.taub@gmlaw.com
Shane McGlashen
shane.mcglashen@gmlaw.com
jessica.serrano-cartagena@gmlaw.com
cheryl.cochran@gmlaw.com
Greenspoon Marder, LLP
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954.491.1120
Facsimile:  954.343.6958

*Counsel for Defendant Gabrielle Epstein*

Jorge Perez Santiago
Stumphauzer Kolaya Nadler & Sloman, PLLC
E-mail: jperezsantiago@sknlaw.com
Two South Biscayne Boulevard
Miami, FL 33131
Telephone:  (305) 614-1400
Facsimile:   (305) 614-1425

*Counsel for Priscilla Ricart and Taylor
Gallo*