## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

ALIN POP, individually and on behalf of
all those similarly situated,

        Plaintiff,

vs.

                           Case No. 8:22-cv-02698-VMC-JSS

LULIFAMA.COM. LLC, *et al.*,

        Defendants.

_____/

### DEFENDANTS PRISCILLA RICART'S, TAYLOR GALLO'S, AND ALLISON MARTINEZ'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Priscilla Ricart, Taylor Gallo, and Allison Martinez,[1] hereby move to dismiss Plaintiff Alin Pop's Complaint ("Compl." (D.E. 1-1)).

### INTRODUCTION

Pop filed this putative class action against Defendants LuliFama.com LLC ("Luli Fama"), My LuliBabe, LLC (collectively, the "Luli Fama Defendants"), and Lourdes Hanimian a/k/a Luli Hanimian, and his "favorite influencers"—models Gallo, Martinez, Ricart, Alexa Collins, Cindy Prado, Leidy Labrador, Haley

---

[1] Mses. Gallo, Martinez, and Ricart have no relationship to one another (other than sharing the same counsel), but file this motion to dismiss jointly for the sake of judicial economy because they raise the same legal issues with Pop's Complaint. Further, as they are in the Complaint, Mses. Gallo, Martinez, and Ricart and the other "influencers" are referred to collectively herein as the Individual Defendants.

Ferguson, and Gabrielle Epstein (the "Individual Defendants"). He purports to state fraud-based statutory and common law claims alleging entitlement to compensatory, punitive, and treble damages (and attorney's fees) of "*no . . . less than $10,000,000*" because he ordered online Luli Fama swimwear for his spouse that he did not like.[2] (Compl. ¶¶ 12, 17, 54, 81). He claims he was illegally induced to purchase Luli Fama swimwear he now subjectively believes is of "inferior quality" compared to his subjective "expectations" by social media posts of the Individual Defendants—whose accounts he happened to be "following"—wearing Luli Fama swimwear. (Compl. ¶¶ 1, 4, 13, 14, 54).

But Mses. Gallo, Martinez, and Ricart (and the other Individual Defendants) are merely bystanders in the Complaint, referred to collectively in vague and conclusory allegations as paid Instagram promoters of Luli Fama products who

---

[2] This action is one of several similar putative class actions filed by Pop's counsel, Mr. Bogdan Enica, on behalf of four different plaintiffs, as part of a (misguided) crusade against, among others, models and influencer. Except those actions recently filed and not yet resolved, all were resolved against plaintiffs at the pleadings stage. *See Chihaia v. Go Giveaways LLC, et al.*, 30 Fla. L. Weekly Supp. 23a (Fla. 11th Cir. Ct. Feb. 17, 2022) (dismissing with prejudice for lack of standing due to failure to allege any injury); *Colceriu v. Barbary*, 574 F. Supp. 3d 1120, 1123 (M.D. Fla. 2021) (dismissing for lack of standing ), *aff'd*, 21-14370, 2022 WL 3577116 (11th Cir. Aug. 19, 2022); *Colceriu v. Collins, et al.*, Case No. 50-2021-CA-004981 (Fla. 15th Cir. Ct.) (granting judgment on pleadings in favor of Ms. Collins and dismissing complaint against Defendant Influize, Ltd. with prejudice), *appeals filed by Plaintiff*, Case Nos. 4D21-2690 and 4D22-1261 (Fla. 4th DCA Nov. 10, 2022); *Salva* and *Pop, v. 21st Century Spirits, LLC, et al.*, Case No. 1:22-cv-06083 (N.D. Ill. Nov. 3, 2022) (suing, among others, Ms. Collins, and alleging Salva and Pop purchased vodka of inferior quality in August 2022 based on Ms. Collins' posts).

As reflected in these filings, Plaintiff's counsel has a knack for finding plaintiffs who purportedly monitor Ms. Collins' Instagram account. (*See also* Compl. ¶¶ 16 (screenshots of Ms. Collins wearing Luli Fama swimwear), 40 (screenshots of Ms. Collins' Instagram posts unrelated to this lawsuit)).

"misrepresented the material relationship they have with the [Luli Fama] brand" in violation of Pop's interpretation of nonbinding Federal Trade Commission ("FTC") guidance. (*Id.* ¶¶ 3, 17, 44, 52). And Pop does not allege what the "relationship" is between any of the Individual Defendants and the Luli Fama Defendants.

Pop also fails to allege other essential facts. He does not allege *what* "advice" from any of the Individual Defendants induced him to order the "products," *when* that "advice" was provided (or whether he even saw any of the Individual Defendants' Instagram posts containing such "advice"), or *how* the "advice" informed his subjective "expectations" of the quality of the products he purchased. He alleges only that he purchased undisclosed Luli Fama products on some unspecified date because they were "worn by his favorite influencers" in unidentified, undated, and uncited Instagram posts that purportedly did not include "disclosures *like* '#ad,' or '#sponsored.'" (*Id.* ¶¶ 44, 54 (emphasis added)).

Based on these allegations, Pop filed the instant lawsuit trying to cash in on his isolated consumer dissatisfaction in the form of a putative class action. Pop's Complaint should be dismissed. He does not adequately allege any of his claims under Federal Rules of Civil Procedure 9(b) or 8(a).

*First*, Pop's Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") claim fails because he does not allege any (i) deceptive or unfair practice or (ii) causal relationship between any (unalleged) "misrepresentations" and his subjective harm or loss (*i.e.*, disliking the product for unspecified intangible reasons).

*Second*, Pop's unjust enrichment claim also fails because Pop does not allege

3

what benefit he directly (or even indirectly) conferred to Mses. Gallo, Martinez, or Ricart, that they had knowledge of and accepted that benefit, or how it would be inequitable to retain that benefit.

*And third*, Pop's misrepresentation claim fails because Pop does not allege any representations at all, which representations induced him to purchase the specific products, how the representations were false, and how the representations caused him harm. Accordingly, Pop's Complaint should be dismissed.

## FACTUAL ALLEGATIONS

Pop purchased unidentified Luli Fama swimwear on an undisclosed date for his spouse. (Compl. ¶¶ 54, 56). Without citing a reason for his dissatisfaction, he "realized [they] are of an inferior quality" "compared with [Pop's] expectations" and—sparing all details—tried to return the products but Luli Fama was "unable to accept his return." (*Id.* ¶ 56).

Pop purchased the swimwear because he "followed . . . what he believed to be" the Individual Defendants' "honest advice." (*Id.* ¶ 14). Pop does not allege what was that "advice," when it was provided, or how it relates to the product's quality. Rather, the "advice" appears to be the Individual Defendants' simple act of wearing unidentified Luli Fama products on Instagram on unspecified dates "without disclosing their paid relationship with Luli Fama." (*Id.* ¶¶ 42, 46 (decision to purchase was "determined by the Influencers he followed"), 54 (decided to purchase because "products were worn by his favorite influencers")). But Pop does not allege that before making his online purchase he viewed any single Instagram post of Mses. Gallo,

4

Martinez, or Ricart (or any Individual Defendant). And he does not even single out any Instagram post of any Individual Defendant as improper. Pop instead includes screenshots of irrelevant Instagram posts.[3]

Indeed, allegations specific to Mses. Gallo, Martinez, and Ricart are not substantive and are found only in the Complaint's preamble and the sections for "Introductory Statement," "Nature of the Action," and "Parties." (*Id.* ¶¶ Preamble (identifying Mses. Gallo, Martinez, and Ricart as defendants), 1 (alleging this is a class action against, among others, Mses. Gallo, Martinez, and Ricart), 17 (alleging Pop is seeking relief from, among others, Mses. Gallo, Martinez, and Ricart), 22-23 (jurisdictional allegations against Gallo and Ricart), 28 (jurisdictional allegations against Martinez)).

Based on these limited allegations, Pop filed the instant putative class action lawsuit claiming he is entitled to compensatory, punitive, and treble damages (and attorney's fees) for making an online purchase of luxury swimwear he did not like.

## MEMORANDUM OF LAW AND LEGAL ARGUMENT

I. **POP'S COMPLAINT FAILS TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pop fails to plead any of his claims with the well-pleaded facts required under

---

[3] For instance, Pop's Complaint includes screenshots of two Luli Fama-related posts, both of which Pop (or his counsel) pulled from Ms. Collins' Instagram account. (*Id.* ¶ 16). Pop does not allege either post had any impact on his decision to purchase the Luli Fama products. Pop's Complaint also includes screenshots of other posts from Ms. Collins' and Ms. Epstein's accounts that have nothing to do with Pop or Luli Fama. (*Id.* ¶¶ 40, 45).

the Federal Rules of Civil Procedure. Indeed, in many cases, Pop fails entirely to plead the elements of his common law claims. Each of those claims can independently be dismissed for the reasons set for below.

### A.      Legal Standard

A claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if, accepting the well-pleaded allegations as true, a plaintiff is unable to state enough facts to establish that it is plausible the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Twombly*, 550 U.S. at 556-57. Thus, naked allegations without such factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A plaintiff must "include factual allegations for each essential element of . . . [his] claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible.").

### B.      Pop's claims should be dismissed because the Complaint fails to satisfy Rule 9(b) and is an impermissible shotgun pleading.

Federal Rule of Civil Procedure 9(b) applies to claims that sound in fraud, and provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). This particularity requirement "alert[s] defendants to the precise misconduct with which they are charged." *Ziemba v.*

*Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations and citation omitted). Rule 9(b) thus requires that the plaintiff allege specific allegations of (1) the precise statements, documents, or misrepresentations made; (2) the time and place of, and person responsible for, the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).

Here, Rule 9(b) applies to Pop's claims because all sound in fraud and allege concealment. (*See, e.g.*, Compl. ¶¶ 2 (deceptive and misleading promotion of Luli Fama products), 3 (alleging Individual Defendants "misrepresented" their relationship with Luli Fama), 4 (alleging artificially inflated prices are result of "influencers . . . .pretending they are disinterested and unaffiliated consumers"), 17 (alleging "nature of the action" sounds in fraud and misrepresentation), 68 (Individual Defendants are "engaging in fraud"), 83 (alleging false representations)); *see Lamm v. State St. Bank and Trust*, 749 F.3d 938, 951 (11th Cir. 2014); *Linville v. Ginn Real Estate Co.*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010) ("Rule 9(b) applies to claims for negligent misrepresentation"); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (Rule 9(b) applies to state deceptive trade practice acts); *Allstate Indem. Co. v. Florida Rehab & Injury Centers Longwood, Inc.*, No. 6:15-CV-1740-ORL-41GJK, 2016 WL 7177624, at *3 (M.D. Fla. July 26, 2016) (applying Rule 9(b) to unjust enrichment claim).

Mses. Gallo, Martinez, and Ricart incorporate by reference herein and join the

Luli Fama Defendants' argument for dismissal of the Complaint because Pop's claims fail to satisfy Rule 9(b). Specifically, Pop's Complaint fails to satisfy Rule 9(b) because: (1) it lumps the Defendants, and particularly the Individual Defendants, together; (2) it fails to allege the "who, what, when, where, and how" of any of the Individual Defendants' alleged misrepresentations or omissions in various uncited Instagram posts, including the (a) date of any of the Influencer Defendants' posts (and whether and when he viewed any), (b) what swimwear the Influencer Defendants purportedly advertised on Instagram, (c) what "advice" they purportedly provided through those posts (*i.e.*, what made the "advice" wrongful and who provided it), (d) the date he purchased Luli Fama products, or (e) the product he purchased or any supporting facts concerning the quality allegations; and (3) Mses. Gallo, Martinez, and Ricart have to sort through threadbare allegations to guess what wrongful conduct they are alleged to have engaged in. (*See* D.E. 35 at 8-10, 12). For those reasons alone, Pop's Complaint should be dismissed.[4]

### C. Pop's Complaint should be dismissed because it fails to adequately allege plausible claims under Rule 8(a).

Even putting aside Pop's obvious pleading failures under Rules 9(b) and 10, Pop fails to state plausible claims under Rule 8(a).

---

[4] Similarly, Mses. Gallo, Martinez, and Ricart adopt and incorporate herein Defendant Gabrielle Epstein's argument for dismissal of the Complaint because it is an impermissible shotgun pleading that fails to identify the alleged misconduct by Mses. Gallo, Martinez, or Ricart (or the other Individual Defendants). (See D.E. 38 at 15-17). As noted above, *supra* at 5 (Factual Allegations), Pop's allegations *specifically* concerning Mses. Gallo, Martinez, and Ricart are non-substantive and minimal.

### i. Pop's Complaint has failed to adequately allege a claim under FDUTPA.

Under Florida law, plaintiffs alleging a FDUTPA violation must adequately allege a deceptive or unfair trade practice, causation, and actual damages. *See Parr v. Maesbury Homes, Inc.*, 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *6 (M.D. Fla. Dec. 22, 2009) (citing *Third Party Verification, Inc. v. Signatureline, Inc.*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007)); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)). The remedies available to claimants under FDUTPA are set forth in § 501.211. FDUTPA provides that "anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." Fla. Stat. § 501.211(1). Moreover, "[i]n any action brought by a person who has suffered a loss as a result of a violation of this part, such person shall recover actual damages, plus attorney's fees and court costs as provided in Section 501.2105." Fla. Stat. § 501.211(2) (emphasis added).

Here, Pop's claim for a violation of FDUTPA should be dismissed for several reasons. ***First***, as discussed *supra* at 6-8, Pop's FDUTPA claim sounds in fraud and must be pleaded with particularity under Rule 9(b). Pop fails to plead with particularity any deceptive misstatement or omission sufficient to demonstrative a deceptive or unfair trade practice. *See id.* Indeed, Pop fails to specifically or adequately identify any deceptive or fraudulent conduct relating to his decision to purchase Luli Fama swimwear.

*Second*, Pop fails to allege that Mses. Gallo, Martinez, or Ricart engaged in any predicate act that would constitute a deceptive or unfair practice adequate to allege a *per se* FDUTPA violation. A violation of "[a]ny rules promulgated pursuant to the Federal Trade Commission Act" or "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" may serve as a predicate deceptive or unfair practice for a FDUTPA claim. *Parr*, 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *6, *7 (citing *Meitis v. Park Square Enters., Inc.*, No. 6:08–cv–1080–Orl–22GJK, 2009 WL 703273 at *4 (M.D. Fla. Jan.21, 2009)). But citing a rule or statute, without alleging facts supporting a violation of that rule or statute, is insufficient to allege a *per se* FDUTPA violation. *Blair v. Wachovia Mortg. Corp.*, No. 11–CV–566, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012) (conclusory allegation of rule violation, without more, does not state a *per se* FDUTPA claim). Pop's Complaint does exactly that.

Pop seeks to demonstrate that the Individual Defendants' purported conduct— wearing Luli Fama bikinis on Instagram without adequately disclosing any relationship with Luli Fama—constitutes a *per se* violation of 15 U.S.C. § 45(a), which Pop alleges would be a *per se* FDUTPA violations. (Compl. at ¶¶ 44, 52, 53, 69). But her conclusory allegations and the statutory text of 15 U.S.C. § 45(a) belie this claim, and Pop's remaining allegations merely track FDUTPA's statutory requirements.

Courts routinely dismiss claims based on such conclusory allegations.[5]

Pop's one-paragraph reference to 16 C.F.R. § 255.5 does not save his deficient FDUTPA pleadings. A *per se* FDUTPA violation is adequately alleged if there is an alleged violation of a ***rule*** promulgated by the FTC. Fla. Stat. § 501.203(3). 16 C.F.R. § 255.5 is *not* a rule. It is expressly referred to by the FTC as a "Guide," advisory in nature, to help the public comply with laws administered by the FTC. *See, e.g.,* 16 C.F.R. § 255 ("Guides Concerning Use of Endorsements and Testimonials in Advertising"); *see also Guides Concerning the Use of Endorsements and Testimonials in Advertising* ("Guides Concerning Endorsements"), 87 FR 44288-01 (2022) (Guides are "advisory in nature."). And this purely advisory guidance cannot be violated and cannot form the basis of a *per se* FDUTPA claim, particularly where the specific factual circumstances of the "advertisement" at issue are *not alleged*, as is the case here. *See* 16 C.F.R. § 255.0(a) ("Whether a particular endorsement or testimonial is deceptive will depend on the specific factual circumstances of the advertisement at issue."); *see also Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 641 (S.D.N.Y. 2018)

---

[5] *See, e.g.*, *Fid. Nat'l Fin., Inc.*, 315CV01400HESPDB, 2017 WL 3726687, at *3 (conclusory description of conduct insufficient under Fed. R. Civ. P. 8(a) or 9(b)); *HW Aviation LLC v. Royal Sons, LLC*, 807-CV-2325-T-23MAP, 2008 WL 4327296, at *6 (M.D. Fla. Sept. 17, 2008) (conclusory allegations of deceptive, unfair, or unconscionable actions are insufficient under FDUTPA."); *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *9 (S.D. Fla. 2005) (recommending dismissal because complaint lacked sufficient factual allegations of "unfair or deceptive" conduct); *Infinity Global, LLC v. Resort at Singer Island, Inc.*, 2008 WL 1711535 at *4 (S.D. Fla. 2008) ("[A] plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constituted an 'unfair or deceptive act'.").

(dismissing claim under California consumer statutes based on Section 255.5, stating that "the FTC does not provide a right of action, and [a party] cannot engineer one through California law"); *Carson v. Ocwen Loan Servicing, LLC*, No. 2:18-CV447-FTM-99CM, 2018 WL 4354815, at *1, *2 (M.D. Fla. Sept. 12, 2018) (applying Florida law and reaching same conclusion that FTC does not provide a private right of action and alleging an FTC violation through FDUTPA "does not compel a different result"); *cf. State Farm Mut. Auto. Ins. Co. v. At Home Auto Glass LLC*, No. 21-CV-239, 2021 WL 6118102, at *6 (M.D. Fla. Dec. 27, 2021) (finding a per se violation under FDUTPA only where "[t]he FTC Rule expressly provides that violations are 'unfair and deceptive.'").[6]

*Third*, Pop has failed to plausibly allege that the Individual Defendants' vaguely alleged conduct caused him harm or could have deceived an objectively reasonable person. To succeed on a FDUTPA claim, the plaintiff must allege that the unfair practice caused the claimed harm. *E.g., Parr*, 2009 WL 5171770, at *7. "Causation under FDUTPA must be direct, rather than remote or speculative." *Stewart Agency, Inc. v. Arrigno Enters., Inc.*, 266 So. 3d 207, 213 (Fla. 4th DCA 2019) (quotations omitted); *see also Dorestin v. Hollywood Imps., Inc.*, 45 So. 3d 819, 824 (Fla 4th DCA 2010) ("Proof of actual damages is necessary to sustain a FDUTPA claim."); *Jovine v.*

---

[6] Mses. Gallo, Martinez, and Ricart also adopt and incorporate by reference herein the Luli Fama Defendants' argument for dismissal that section 255.5 applies only to "endorsements." (*See* D.E. 35 at 16). Pop has failed to allege any facts sufficient to plausibly establish that any of Mses. Gallo's, Martinez's, or Ricart's unidentified (or even adequately described) posts were "endorsements" of Luli Fama products.

*Abbott Laboratories, Inc.*, 795 F. Supp. 2d 1331, 1344 (S.D. Fla. 2011) (dismissing claim for failure to plead actual damages). This directive comes from the statute itself. Fla. Stat. § 501.211(2) (requiring "loss *as a result of*" the FDUTPA violation to recover actual damages) (emphasis added). Plaintiffs must also allege facts showing that the "misrepresentations" would have deceived an objectively reasonable consumer to establish causation. *See Hitchcock v. Scipione*, No. 13-CV-2581, 2013 WL 6184037, at *1 (M.D. Fla. Nov. 25, 2013).

Here, the harm alleged is that Pop received Luli Fama products he purchased online that he now perceives to be of "inferior quality" based on his subjective (and undefined) "expectations." (Compl. ¶¶ 13). Pop's pleadings do not articulate how viewing pictures of the models he follows on Instagram in some other Luli Fama swimwear (if he viewed them at all) informed Pop about the quality of the Luli Fama product he purchased, which is the foundation of this putative class action lawsuit. Indeed, as established throughout this Motion, Pop does not allege (1) *any* details *at all* concerning the content of any Instagram posts, including whose posts he viewed and when he viewed them, (2) any facts suggesting any representations were made about the quality of the product, and (3) any facts explaining what about the swimwear suggested they were lower quality than "represented" in the Instagram posts.

Moreover, Pop offers no facts to support any claim that a reasonable consumer in the same circumstances (here, someone following the Instagram accounts of "his favorite influencers") would have taken the Individual Defendants' bikini pictures, without more, as "honest consumer advice." *See Nivia v. Nationstart Mortg., LLC*, No.

13-CV-24080, 2014 WL 4146889, at *6 (S.D. Fla. Aug. 21, 2014). As Pop himself put it, he knew "his favorite influencers" engage in undisclosed advertising, "endorse" other products, and clearly advertise or "endorse" "even without using words." (Compl. ¶¶ 9, 15, 16, 44-46). Plaintiff's FDUTPA claim is due to be dismissed. *See, e.g., Lokai Holdings*, 306 F. Supp. 3d at 641-42 (conclusory allegations of FTC nondisclosure violations do not plausibly raise an inference that the "non-disclosure of paid endorsements is likely to lead consumers to believe that the endorsements are unpaid.").

***And fourth***, Pop has failed to adequately plead any actual damages. Actual damages "are measured according to the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *See Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir. 202 (internal quotation omitted). FDUTPA "does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Id.*

A decision from the Southern District of Florida is particularly on point here. In *Clear Marine Ventures Ltd. v. Brunswick Corp.*, No. 08-CV-22418, 2010 WL 528477, at *4 (S.D. Fla. Feb. 11, 2010), the plaintiff claimed that a vessel was "aesthetically unpleasing" and, thus, "entirely unsellable." *Id.* at *4. But, the plaintiff did not allege facts showing how their subjective feelings regarding the vessel's aesthetics affected the vessel's value "beyond mere speculation" and the unsupported assertion that the

vessel was worthless. *Id.* Thus, the Court dismissed the FDUTPA claim because the plaintiff's claim of actual damages did not "rise above the speculative level." *Id.* at *5.

Here, as discussed throughout this Motion, the most generous reading of Pop's Complaint shows he thinks he was harmed because he somehow formed subjective expectations of the quality of Luli Fama's products that he claims—without any factual support—were not met. (Compl. ¶ 13). Trying (and failing) to allege some non-speculative basis for the products' value, Pop alleges vaguely that he tried to return the products to Luli Fama, but failed, and then tried to resell the products on eBay, but failed. (*Id.* ¶¶ 56-57). But he does not allege when he tried to return the product and why it was not accepted, and he does not allege any details at all about when, how, and for how long he tried to resell the products on eBay. In other words, even crediting these eBay allegations (which they should not be), he has alleged only that he has a case of buyer's remorse based on his speculative assessment of the quality and, thus, value of the Luli Fama products he purchased. These allegations do not support a FDUTPA claim for actual damages. *See id.* at 1101; *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008) (FDUPTA does not provide for "compensation for subjective feelings of disappointment").[7]

---

[7] The fact that Pop seeks compensatory damages under a Florida statute does not change this analysis. *See Plain Bay Sales, LLC v. Gallaher*, No. 18-80581-CIV, 2019 WL 3429137, at *5 (S.D. Fla. May 3, 2019) (alleged violations of the Florida Administrative Code were "not sufficient to sustain a [per se] FDUTPA claim" where only allegations of actual damages were that misrepresentations "induced [Plaintiff] to purchase a horse for $950,000, an action they would not have taken if they had known the truth").

Accordingly, for the foregoing reasons, Pop cannot state a claim under FDUTPA.

>    **D.      Pop has failed to adequately allege essential elements of his claim for unjust enrichment.**

Pop's unjust enrichment claim requires him to adequately allege that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1347 (M.D. Fla. 2019) (applying Florida law). Pop must also allege that he suffered an injury and lacks an adequate remedy of law. *Challenge Air Transport, Inc. v. Transportes Aereos Nacionales, S.A.*, 520 So. 2d 323 (Fla. 3d DCA 1988). "[I]t is not enough to show that the defendant obtained a benefit and that the plaintiff was in some roundabout way damaged." *Omnipol*, 421 F. Supp. 3d at 1348 (citations and quotations omitted).

Here, Pop's unjust enrichment claim should be dismissed. First, Pop's unjust enrichment claim should be dismissed for the same reasons argued in the Luli Fama Defendants' Motion to Dismiss, which Mses. Gallo, Martinez, and Ricart adopt and incorporate herein. Namely, an unjust enrichment (or quasi-contract) claim may not be predicated on the same allegations of a tort and/or FDUTPA claim. (*See* D.E. 35 at 25-27).

Second, Pop has not alleged that he lacks an adequate remedy at law. Indeed, he elsewhere pleads exactly the opposite, seeking compensatory money damages

16

under statutory and common law theories (without any allegation that those damages would be inadequate). (*See, e.g.*, Compl. at ¶¶ 77-81.) Florida courts presented with a claim for unjust enrichment alongside statutory or other claims predicated on the *same alleged conduct* have consistently rejected the unjust enrichment claim as "an equitable remedy available only where there is no adequate remedy at law." *Carrero v. LVNV Funding, LLC*, 11-62439CIV, 2014 WL 6433214, at *4 (S.D. Fla. Oct. 27, 2014) (citation omitted); *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (adequate remedy at law precluded plaintiff's unjust enrichment claim because the claim was based on the same allegations supporting statutory claims).[8]

Third, Pop separately has failed to allege a direct benefit he conferred on Mses. Gallo, Martinez, and Ricart to his detriment that was knowingly accepted. Conspicuously absent from Pop's claim is any allegation that any of the Individual Defendants *requested* any benefit from Pop or that they *knowingly* accepted the benefit. *See CMH Homes, Inc. v. LSFC Co., LLC*, 118 So. 3d 964, 966 (Fla. 1st DCA 2013) (unjust enrichment requires defendant to request and knowingly accept benefit).

In addition, it is well settled under Florida law that a plaintiff must plead facts showing that the benefit allegedly conferred on the defendant was a *direct* benefit. *See*

---

[8] *See also In re US Capital Holdings, LLC*, 12-14517-JKO, 2013 WL 5297352, at *8-*9 & n.12 (Bankr. S.D. Fla. Aug. 5, 2013) ("overwhelming majority" of Florida cases have held that unjust enrichment is not available where there is an adequate legal remedy).

*Kopel v. Kopel*, 229 So. 3d 812, 819 (Fla. 2017) (agreeing with *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996)). For example, the Third District Court of Appeal has held that a plaintiff's payments to a defendant's subsidiary company did not constitute a direct benefit to the defendant even though the defendant ultimately retained at least a portion of the payments. *See Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 401, 404 (Fla. 3d DCA 2009). As a result, those payments could not support an unjust enrichment claim against the defendant. *Id.*; *see also Kopel v. Kopel*, 117 So. 3d 1147, 1152–53 (Fla. 3d DCA 2013), *rev'd on other grounds*, 229 So. 3d 812 (Fla. 2017) ("indirect" benefit to the defendant insufficient for an unjust enrichment claim).

In this case, Pop alleges that he "conferred a direct benefit to each of the Defendants" by "paying the high prices demanded by *Luli Fama*," not by any of the Individual Defendants. (*See* Compl. at ¶ 77 (emphasis added)). And even if an indirect payment allegation were sufficient (it is not), Pop does not allege that the Individual Defendants were even *indirectly* compensated by Luli Fama based on Pop's purchase of Luli Fama products. This is fatal to Pop's unjust enrichment claim. *See Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017) (holding unjust enrichment claim unavailable against parent corporation that received payments from plaintiffs indirectly through its subsidiary).

Finally, Pop has failed to allege that the circumstances would render it "inequitable" for the Individual Defendants to retain the supposed benefit Pop alleges that he conferred. As Florida courts have made clear, to show an inequitable result, a

plaintiff must allege "that the plaintiff was harmed in some way before courts will impose this equitable remedy." *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1334 (S.D. Fla. 2007) (quoting *Green c. McNeil Nutritionals, LLC*, Case No. 2004-0379-CA, 2005 WL 3388158, at *6 (Fla. Cir. Ct. Nov. 16, 2005)) (emphasis added). Here, for the same reason that Pop has failed to allege causation under FDUTPA, he has failed to allege that his perceived harm (receipt of an "inferior quality" item) has any relationship to the Individual Defendants' alleged conduct. This allegation plainly fails to show a harm that requires equitable relief. *See Ironworkers Local Union No. 68 v. AstraZeneca Pharmaceuticals LP*, 585 F. Supp. 2d 1339, 1346-47 (M.D. Fla. 2008) (dismissing unjust enrichment claim based on the "remoteness of plaintiffs' injuries from defendants' wrongdoing") (citations omitted).

### E. Pop has failed to adequately allege the elements of his negligent misrepresentation claim.

Plaintiff's negligent misrepresentation claim requires him to plead with particularity under Rule 9(b) that: (i) a misrepresentation (or omission) of material fact was made to him; (ii) Mses. Gallo, Martinez, and Ricart knew that the misrepresentation (or omission) was false, or made the misrepresentation without knowledge of its truth or falsity; (iii) Mses. Gallo, Martinez, and Ricart intended for Pop to rely on the false representation (or omission); (iv) Pop did, in fact, rely on that false representation (or omission); and (v) Pop suffered damages as a result of his reliance on the false representation (or omission). *See Linville*, 697 F. Supp. 2d at 1307; *In re Lichtman*, 388 B.R. 396, 409 (Bankr. M.D. Fla. 2008) (same); *Arnold v. McFall*,

839 F. Supp. 2d 1281, 1286 (S.D. Fla. 2011) (same).

Here, Pop does not plead any facts supporting his negligent misrepresentation claim. Indeed, aside from a single, generic allegation alleging "Defendants made representations that they knew to be false, or negligently failed to examine the veracity of the affirmations" (Compl. ¶ 83), Pop does not allege (1) any specific misrepresentation (or omission) made, (2) how that misrepresentation (or omission) was material (or actionable), (3) the "content and manner in which the statements misled the plaintiff," or (4) what Mses. Gallo, Martinez, and Ricart gained by the alleged fraud. *Ambrosia Coal & Constr. Co.*, 482 F.3d at 1316.

Pop does not even include a generic allegation that he relied on any misstatement or omission in deciding to purchase the Luli Fama "products." Instead, he alleges generally that he decided to purchase the "products" because the Individual Defendants are his "favorite influencers" he was following on Instagram and they wore unspecified Luli Fama swimwear on unidentified Instagram posts, which he appears to conclude qualifies as their "honest advice" to purchase any Luli Fama swimwear. This is fatal to his claim. *See Roberts v. Victoria's Secret Stores, LLC*, 18-CV-61534, 2018 WL 8059094, at *6 (S.D. Fla. Dec. 3, 2018), *report and recommendation adopted*, 18-61534CIV, 2018 WL 8058969 (S.D. Fla. Dec. 20, 2018) (dismissing claim for negligent misrepresentation where complaint did not identify specific misrepresentations or particularized allegations); *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012) (same where plaintiffs did not allege reliance or what damages arose from reliance on the purported misrepresentations);

*Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010) ("An action for . . . negligent misrepresentation generally cannot be predicated on opinions."); *Doherty v. Infuserve Am., Inc.*, No. 21-CV-0454, 2022 WL 3043034, at \*4 (M.D. Fla. Aug. 2, 2022) (dismissing a negligent misrepresentation claim when the plaintiff did not clearly show why the fact would be material); *Simony v. Fifth Third Mortg. Co.*, No. 14-CV-387, 2014 WL 5420796, at \*4-5 (M.D. Fla. Oct. 22, 2014).[9]

Likewise, for the same reasons Pop's FDUTPA causation argument fails, Pop fails to allege any material connection between his purported injury (dissatisfaction with "inferior quality" swimwear for the price paid) and the Individual Defendants wearing Luli Fama swimwear in undated and unidentified Instagram posts. As with Pop's other claims, his negligent misrepresentation claim requires him to "plead some injury which resulting to the plaintiff by acting in justifiable reliance upon the defendant's misrepresentation." *Prohais*, 485 F. Supp. 2d at 1334 (dismissing negligent misrepresentation claim). This claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Mses. Gallo, Martinez, and Ricart request that the Court dismiss this action against them with prejudice, and grant such other relief as may be deemed just and proper.

---

[9] Mses. Gallo, Martinez, and Ricart further adopt and incorporate by reference herein the Luli Fama Defendants' argument that Pop did not (and cannot) allege a misrepresentation by omission because the Individual Defendants did not own a fiduciary-like duty to Pop. (*See* D.E. 35 at 29-30).

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 3.01(g), I conferred with opposing counsel concerning the matters set forth in this Motion and Plaintiff opposes the Motion.

Dated: December 28, 2022                    Respectfully submitted,

**STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC**

*/s/ Jorge A. Pérez Santiago*
**Jorge A. Pérez Santiago**
Florida Bar No. 91915
E-mail: jperezsantiago@sknlaw.com
Secondary:
electronicservice@sfslaw.com
Two South Biscayne Boulevard,
Suite 1600
Miami, FL 33131
Telephone:  (305) 614-1400
Facsimile:   (305) 614-1425

*Counsel for Taylor Gallo, Allison Martinez, and Priscilla Ricart*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 28, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which caused the foregoing document to be served on all parties on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jorge A. Pérez Santiago*
JORGE A. PÉREZ SANTIAGO

## SERVICE LIST

Bogdan, Enica, Esq.
PRACTUS, LLP
66 West Flagler St. Ste. 937
Miami, FL 33130
Telephone: (305) 539-9206
Email: Bogdan.Enica@practus.com

Keith L. Gibson (pro hac vice forthcoming)
IL Bar No.: 6237159
11300 Tomahawk Crk. Pkwy. Ste. 310 Leawood, KS 66211
Telephone: (630) 677-6745
Email: Keith.Gibson@practus.com

*Counsel for Plaintiff and the Putative Class*

JARED DWYER
dwyerje@gtlaw.com
EMILEY PAGRABS
pagrabse@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue, Suite 4400
Miami, Florida 33131
Telephone:  305.579.0500
Facsimile:  305.579.0717

*Counsel  for Defendants LULIFAMA.COM. LLC, MY LULIBABE, LLC, LOURDES HANIMIAN A/K/A LULI HANIMIAN*

Jeffrey A. Backman
jeffrey.backman@gmlaw.com
Roy Taub
roy.taub@gmlaw.com
Shane McGlashen
shane.mcglashen@gmlaw.com
jessica.serrano-cartagena@gmlaw.com
cheryl.cochran@gmlaw.com
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954.491.1120
Facsimile:  954.343.6958
*Counsel for Defendant Gabrielle Epstein*