UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALIN POP,

    Plaintiff,

v.                                          Case No: 8:22-cv-2698-VMC-JSS

LULIFAMA.COM LLC, MY
LULIBABE, LLC, LOURDES
HANIMIAN, TAYLOR MACKENZIE
GALLO, ALEXA COLLINS,
ALLISON MARTINEZ, CINDY
PRADO, GABRIELLE EPSTEIN,
HALEY PALVE, LEIDY AMELIA
LABRADOR and PRISCILLA
RICART,

    Defendants.
_____/

## ORDER

Plaintiff moves to compel better discovery responses from Defendant Lulifama.com LLC (Luli Fama) and for sanctions against Luli Fama pursuant to Federal Rule of Civil Procedure 37. (Motion, Dkt. 66.) Luli Fama opposes the Motion. (Dkt. 74.) The court held a hearing on the Motion on May 15, 2023. (Dkt. 77.)

### BACKGROUND

Plaintiff brings this class action on behalf of himself and a class of similarly situated individuals against Defendants Luli Fama, My Lulibabe LLC, Luli Fama's CEO and founder Lourdes Hanimian, and several individual social media

"influencers" (Influencer Defendants) alleging violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a); Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*; unjust enrichment; and negligent misrepresentation. (Dkt. 1-1.) Plaintiff allegedly purchased Luli Fama swimwear in April 2022 after viewing pictures of the Influencer Defendants wearing the swimwear on the social media platform Instagram. (*Id.* ¶¶ 54–57; Dkt. 66 at 5–6.) Plaintiff alleges that Defendants are illegally and deceptively advertising Luli Fama products on social media and that such advertising caused him to purchase inferior products at inflated prices. (*Id.* ¶¶ 54–57.) Plaintiff also asserts class claims on behalf of a proposed class of individuals that purchased Luli Fama products using their social media platform or online store from October 6, 2018 to the date of the Complaint. (*Id.* ¶¶ 54–65.) On November 23, 2022, Defendants removed the action to this court. (Dkt. 1.)

In the Motion, Plaintiff seeks to compel Luli Fama to provide better discovery responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production and to amend its initial disclosures. (Dkt. 66.) Specifically with respect to the discovery responses, the parties disagree as to the definition of the "Relevant Time Period" and "influencer." (*Id.*) Luli Fama objects to Plaintiff's definitions of these terms as overbroad and argues that they impose an undue burden on Luli Fama. (Dkt. 74.) Nevertheless, at the hearing, Luli Fama's counsel represented that it had supplemented its productions to Plaintiff.

## ANALYSIS

The court has broad discretion in managing pretrial discovery matters and in deciding motions to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."). In determining the scope of permissible discovery under Rule 26(b)(1), courts consider, among other things, "the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Tiger v. Dynamic Sports Nutrition, LLC*, No. 6:15-cv-1701, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016) ("Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case."). Further, Rule 26(b)(2)(C) requires a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or [] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

A party may move to compel discovery pursuant to Federal Rule of Civil Procedure 37(a). Fed. R. Civ. P. 37(a)(1), (3). The moving party "has the initial

burden of proving the requested discovery is relevant and proportional." *Aglogalou v. Dawson*, No. 8:20-cv-2024-CEH-AAS, 2021 WL 3563017, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016). Only after the moving party has met this initial burden, "will the burden shift to the resisting party to show specifically the reason for resisting the requested discovery." *Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (citing *Henderson v. Holiday CVS*, 269 F.R.D. 682, 686 (S.D. Fla. 2010)).

With respect to class actions, "Rule 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). Pursuant to Rule 23(a), a class may be certified only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will protect the interests of the class fairly and adequately. Fed. R. Civ. P. 23(a). In cases in which a plaintiff seeks to bring claims on behalf of a class of claimants, "[t]o make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue." *Washington*, 959 F.2d at 1570–71. Permitting class certification discovery is within the broad discretion of the court. *Steward v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (internal quotations omitted) (explaining that "a certain amount of discovery is essential in order to determine the

class action issue and the proper scope of a class action"); *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("[P]recedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified.").

Upon consideration of Plaintiff's Motion and for the reasons stated at the hearing:

1. Plaintiff's Motion to Compel Better Discovery Responses and for Rule 37 Sanctions (Dkt. 66) is **GRANTED in part** and **DENIED without prejudice in part**.

2. The term "Relevant Period" as defined in Plaintiff's First Set of Interrogatories and First Set of Requests for Production is amended to be defined as "January 1, 2022 to the date of Plaintiff's requests." *See* Fed. R. Civ. P. 26(b); *Washington*, 959 F.2d at 1570–71 (discovery sought in class action "must be relevant and not overly burdensome to the responding party").

3. The term "influencer" as defined in Plaintiff's First Set of Interrogatories and First Set of Requests for Production is amended to be defined as "individuals who were offered compensation directly or indirectly or were offered free product in exchange for wearing the product on Instagram."

4. Luli Fama shall provide initial amended discovery responses based on these revised definitions on or before June 2, 2023.

5. Luli Fama's amended discovery responses shall be completed on or before June 9, 2023.

6. Luli Fama shall amend its initial disclosures to include each lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity that has or might have an interest in the outcome of this litigation, to include those entities identified by Plaintiff in the Motion, on or before June 2, 2023.

7. Plaintiff's request for sanctions pursuant to Federal Rule of Civil Procedure 37 is denied.

**ORDERED** in Tampa, Florida, on May 22, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record