IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

ALIN POP, INDIVIDUALLY
AND ON BEHALF OF ALL THOSE
SIMILARLY SITUATED,

    Plaintiff,

vs.

Case No: 8:22-cv-2698-VMC-JSS

LULIFAMA.COM. LLC, MY
LULIBABE, LLC, LOURDES
HANIMIAN A/K/A LULI
HANIMIAN, TAYLOR MACKENZIE
GALLO A/K/A TEQUILA TAYLOR,
ALEXA COLLINS, ALLISON
MARTINEZ A/K/A ALLI
MARTINEZ, CINDY PRADO,
GABRIELLE EPSTEIN, HALEY
PALVE A/K/A HALEY FERGUSON,
LEIDY AMELIA LABRADOR,
PRISCILLA RICART,

    Defendants.
_____/

## MOTION TO STRIKE PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Defendant LuliFama.com, LLC ("Luli Fama"), pursuant to Federal Rules of Civil Procedure 12, 5.2(d), and 37, hereby files its Motion to Strike Plaintiff's Motion to Compel and for Sanctions ("Motion to Strike") and in support states:

## BACKGROUND

Plaintiff's Motion to Compel is only the latest instance of Plaintiff refusing to properly confer with opposing counsel, resulting in needless court intervention. If Plaintiff had done so, the instant Motion would not have been necessary.

On February 21, 2023, the Parties[1] entered into a Stipulated Confidentiality and Protective Agreement (the "Agreement") to "facilitate prompt resolution of disputes over confidentiality [and] promote fair and expeditious resolution of this litigation." *See* [ECF 64-1] at 2. The Agreement provided that Parties could designate any litigation material as "Confidential"[2] or "Highly Confidential-Attorneys' Eyes Only"[3] as defined in the Agreement. In the Agreement, the Parties agreed to file redacted versions of Court Papers which removed the Confidential or Highly Confidential-Attorneys' Eyes Only information. *See* Agreement at 11.

The Parties also agreed on a procedure for challenging confidentiality designations:

---

[1] Plaintiff Alin Pop ("Plaintiff") and Defendants Luli Fama, My LuliBabe, LLC, Lourdes Hanimian, Taylor Mackenzie Gallo, Alexa Collins, Allison Martinez, Cindy Prado, Gabrielle Epstein, Haley Palve, Leidy Amelia Labrador, and Priscilla Ricart ("Defendants").

[2] "Confidential" is defined as "personal, financial, and/or competitively sensitive information, and confidential consumer information, that is non-public and outweighs the public's interest in disclosure. Examples of such information include, but are not limited to, social security or taxpayer-identification numbers; names of minor children; financial account numbers; and confidential research, development, or commercial information that would cause competitive harm to the Designating Party if disclosed." [ECF 64-1] at 3.

[3] "Highly Confidential-Attorneys' Eyes Only" is defined as "extremely sensitive information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm, including but not limited to trade secrets or competitively sensitive confidential research, development, or commercial information, customer lists, and highly sensitive and competitive technical information related to a Party's information security and management, that would cause severe competitive harm to the Designating Party if disclosed." [ECF 64-1] at 3.

1. The challenging party must provide written notice of the challenge to the party that designated the litigation material as Confidential or Highly Confidential-Attorneys' Eyes Only.

2. The party that made the designation must respond to the challenge within fourteen (14) days.

3. After the designating party response, the parties shall meet and confer within seven (7) days to resolve any disagreement.

4. Only after conferring may a Party move the Court for an order challenging the classification of Litigation Materials, and the motion "must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements."

Agreement at 12. During the pendency of any motion challenging a designation, "the Litigation Material shall continue to be treated as 'Confidential' or 'Highly Confidential-Attorney's Eyes Only.'" *Id.*

On May 1, 2023, Luli Fama produced five documents marked "Attorneys' Eyes Only."[4] These documents are five separate contracts related to Defendants Alexa Collins and Cindy Prado (the "Contracts").

On Friday, June 30, 2023, Plaintiff's counsel emailed undersigned, stating that they were seeking to file the Contracts, requesting that Plaintiff be allowed to file the

---

[4] These documents are bates stamped LULIFAMA-000006 – LULIFAMA-000014, LULIFAMA-000015 – LULIFAMA-000023, LULIFAMA-000036 – LULIFAMA-000047, LULIFAMA-000048 – LULIFAMA-000056, and LULIFAMA-000173 – LULIFAMA-0000181.

Contracts with the first paragraph unredacted. *See* **Exhibit A** at 5 (email from B. Enica dated June 30, 2023). Luli Fama's counsel responded that they would have to discuss with their client and asking the purpose for filing the Contracts. *Id.* at 4. Plaintiff's counsel and Luli Fama's counsel then conferred over the phone, and Luli Fama's counsel requested that it have until Friday, July 7 to review and provide a response (7 days shorter than what Luli Fama was permitted to take under the Agreement). Plaintiff's counsel agreed that the Contracts would remain Attorneys' Eyes Only during this time and that Luli Fama would have until July 7, 2023, to respond to Plaintiff's request. *See* **Exhibit B** at 1 (email from E. Pagrabs to B. Enica on June 30, 2023).

On Wednesday, July 5, 2023, Plaintiff's counsel emailed undersigned, stating that Plaintiff would be filing a motion to compel that day and would be filing a placeholder for the Contracts. *See* **Ex. A** at 2-3 (email from B. Enica on July 5, 2023). Luli Fama's counsel responded, requesting that Plaintiff wait until July 7, 2023, as agreed, to give Luli Fama time to resolve the matter. *See* **Ex. A** at 2 (email from E. Pagrabs dated July 5, 2023). Plaintiff refused, stating that it would be filing a placeholder as permitted under Local Rule 1.11. *See* **Ex. A** at 1 (email from B. Enica to E. Pagrabs dated July 5, 2023).

On July 5, 2023, Plaintiff filed his Motion to Compel against Defendants Prado, Gallo, Collins, Martinez, Palve, Labrador, and Ricart ("Motion to Compel"). [ECF 96]. In addition to filing a placeholder for the Contracts, Plaintiff quoted the

4

Contracts, which were still designated Attorneys' Eyes Only, in the Motion to Compel. *Id.* at 20-21. The sole purpose of using the Contracts in the Motion to Compel was to show that Defendants Prado and Collins knew about a company named Earth and Sea Wear, LLC.

On Thursday, July 6, 2023, undersigned emailed Plaintiff's counsel, informing them that they violated the Agreement by including information regarding the Contracts in the Motion to Compel and stating that until the request to de-designate was resolved between the Parties, the Contracts and their contents remained protected from disclosure. *See* **Exhibit C** at 2-3 (email from J. Dwyer on July 6, 2023). Plaintiff's counsel responded, seeking to challenge the propriety of the Attorneys' Eyes Only designation as applied to the already-filed material and stating, for the first time, that they were seeking to de-designate the entirety of the Contracts, not just the first paragraph as previously represented. *See id.* at 1-2 (email from B. Enica on July 6, 2023). Undersigned responded, reiterating that Parties cannot use or disclose Attorneys' Eyes Only materials—or Confidential materials for that matter—in court filings until the materials were de-designated. *See id.* at 1.

Rather than simply wait two days until July 7, 2023, as agreed upon, to resolve whether the Contracts could be de-designated (in part or in whole), Plaintiff filed the Motion to Compel, ignoring both the Parties' Agreement and disclosing Attorneys' Eyes Only information. To date, Plaintiff has not corrected his Motion to Compel which contains information designated as Attorneys' Eyes Only. Pursuant to Federal

5

Rules of Civil Procedure 12, 5.2, and 37, Luli Fama moves to strike Plaintiff's Motion to Compel and for sanctions.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(f), this Court "may strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter." Fed R. Civ. P. 12(f). "[C]ourts also have the inherent authority to strike improperly-filed papers other than pleadings. Parties employ motions to strike to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Jean v. Minnesota Life Ins. Co.*, No. 19-21626-CIV-COOKE/GOODMAN, 2020 WL 2926663, at *1, 3-4 (S.D. Fla. May 12, 2020) (granting motion to strike an improperly filed deposition transcript).

In complete disregard for Local Rule 1.11 and the Parties' Agreement, Plaintiff's counsel publicly filed information that Luli Fama had marked "Attorneys' Eyes Only." As previously outlined, the Parties' Agreement specified a detailed procedure and time table for the Parties to meet and confer over any challenges to confidentiality designations. Rather than follow the Agreement's procedure to its conclusion, Plaintiff's counsel filed the Motion to Compel before the Parties had the opportunity to resolve Plaintiff's challenge to the Contracts' confidentiality designations.

When Luli Fama's counsel informed Plaintiff's counsel of their violations of Local Rule 1.11 and the Agreement, Plaintiff's counsel attempted to hide behind the

6

designation definition, claiming that the material did not meet the standard.[5] *See* **Ex. C** (email from B. Enica on July 6, 2023). However, this is not the law. When attempting to use material that the filing party "knows or reasonably should know another person considers confidential," the filing party must follow Local Rule 1.11(c). Plaintiff's counsel was aware that Luli Fama viewed the Contracts as confidential business documents,[6] evidenced by Plaintiff's counsel requesting that the documents be de-designated whether in whole or in part. Plaintiff's counsel cannot publicly file confidential information when they disagree with the designation, only to challenge the designation once the proverbial cat is out of the bag. Such practice would render confidentiality agreements and Local Rule 1.11 meaningless.

Filing the confidential Contracts was not necessary to Plaintiff's Motion to Compel. In the Motion to Compel, the sole purpose of attaching the Contracts is to show that Defendants Prado and Collins should have been aware that a company with the name Earth and Sea Wear, LLC existed. Instead of attaching the Contracts and quoting them, Plaintiff could have simply stated that contracts were produced in discovery, were designated Attorneys' Eyes Only, and filed a slipsheet. Instead,

---

[5] The Court need not consider the precise designation—Attorneys' Eyes Only or Confidential—at this time, because under either designation, the Contracts should have been filed under seal in the first instance. In any event, the Contracts were marked Attorneys' Eyes Only to prevent their disclosure to other named Defendants.

[6] As detailed in Luli Fama's Motion for Leave to File Under Seal which is being filed contemporaneously with the instant Motion, the Contracts are confidential business documents deserving of confidential protection.

7

Plaintiff's counsel used the impending Motion to Compel to put pressure on Luli Fama to de-designate the Contracts.

The Motion to Compel contains information designated confidential by Luli Fama, and it should be stricken from the record. Because Plaintiff violated the Agreement and Local Rule 1.11, Luli Fama requests sanctions in the form of its reasonable attorneys' fees related to the dispute over the confidentiality designation of the Contracts and the instant Motion.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that counsel for the Parties conferred in a good faith effort to resolve the issues presented by this Motion. Defendants Taylor Mackenzie Gallo, Alexa Collins, Allison Martinez, Cindy Prado, Haley Palve, Leidy Amelia Labrador, and Priscilla Ricart support the Motion. Plaintiff opposes this Motion.

Dated: July 19, 2023                                         Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue, Suite 4400
Miami, Florida 33131
Telephone:  305.579.0500
Facsimile:  305.579.0717

*Attorneys for Defendants LULIFAMA.COM. LLC, MY LULIBABE, LLC, LOURDES HANIMIAN a/k/a LULI HANIMIAN*

By: /s/ Jed Dwyer
    JARED DWYER
    Florida Bar No. 104082
    dwyerje@gtlaw.com
    EMILEY PAGRABS
    Florida Bar No. 1030834
    pagrabse@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2023, I caused the foregoing to be filed and uploaded to the Court's CM/ECF system which, in turn, provided notice to all counsel of record.

    /s/ Jed Dwyer
    JARED E. DWYER