UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALIN POP,

    Plaintiff,

v.                                    Case No. 8:22-cv-2698-VMC-JSS

LULIFAMA.COM LLC,
MY LULIBABE, LLC, LOURDES
HANIMIAN, TAYLOR MACKENZIE
GALLO A/K/A TEQUILA TAYLOR,
ALEXA COLLINS, ALLISON
MARTINEZ, CINDY PRADO,
GABRIELLE EPSTEIN, HALEY
PALVE A/K/A HALEY FERGUSON,
LEIDY AMELIA LABRADOR, and
PRISCILLA RICART

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of
Defendants Lulifama.com LLC, My LuliBabe, LLC, and Lourdes
Hanimian's ("Luli Fama Defendants") Motion to Dismiss
Complaint (Doc. # 35), filed on December 23, 2022, and
Defendants Priscilla Ricart, Taylor Gallo, and Allison
Martinez's Motion to Dismiss Complaint (Doc. # 41), filed on
December 28, 2022. Defendants Leidy Amelia Labrador, Cindy
Prado, and Alexa Collins joined Ms. Ricart, Gallo, and
Martinez's Motion. (Doc. ## 53, 54). Plaintiff Alin Pop filed

1

a consolidated response on February 3, 2023. (Doc. # 57). For the reasons set forth below, the Motions are granted.

I.   **Background**

This action arises from the allegedly deceptive and misleading promotion of Luli Fama products. (Doc. # 1-1 at ¶ 2).

Luli Fama is a "swimwear designer, manufacturer, and reseller that came to fame with the rise of Instagram." (Id. at ¶ 6). Luli Fama primarily focuses on online sales, most of which "come from social media, including Instagram." (Id. at ¶ 8). Ms. Lourdes Hanimian is the founder, CEO, and designer for Luli Fama. (Id. at ¶ 7). She "personally oversees" the company's "corporate operations, swimwear design, manufacturing, marketing, social media," and she "supervises Luli Fama's relationship with the Influencers." (Id.).

"[A] large part of Luli Fama's [marketing] strategy" involves asking social media influencers to advertise its products and to "disguise such advertising as honest consumer recommendation." (Id. at ¶ 9). Luli Fama "makes tens of millions of dollars that can be attributed directly to the disguised Instagram advertising campaigns." (Id. at 10). It pays "significant monies" to social media influencers for "their indispensable contribution." (Id. at ¶ 11).

2

Taylor Gallo, Cindy Prado, Priscilla Ricart, Haley Palve, Gabrielle Epstein, Allison Martinez, and Alexa Collins ("the Influencers") "misrepresented the material relationship they have with [Luli Fama]." (Id. at ¶ 3). The Influencers promote Luli Fama products without disclosing the fact that they were paid to do so, in violation of the Federal Trade Commission's ("FTC") rules and guidelines. (Id. at ¶¶ 1, 3, 49). Specifically, by failing to include tags such as "#ad," "#sponsored" or using Instagram's "paid partnership" tag, the Influencers allegedly violated 16 C.F.R. § 255.5 and thus violated the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTC Act"). (Id. at ¶ 44). Sometimes, the Influencers only tagged Luli Fama in their Instagram posts containing Luli Fama products, "suggesting that [the product] is just another swimsuit they purchased, and that Luli Fama is their 'to go' place for swimwear." (Id. at ¶ 14). By indicating that they are wearing Luli Fama swimwear in their posts, the Influencers – "even without using words" – are "indisputably" advertising Luli Fama products. (Id. at ¶ 15).

Mr. Pop alleges that the Luli Fama Defendants and the Influencers' "very profitable and very illegal" advertising practices led him to purchase "Luli Fama products" that were "of an inferior quality, compared with the expectations [he]

had and the price he paid." (Id. at ¶ 13). Mr. Pop purchased the product "exclusively because of the way the products are advertised" by "his favorite influencers[.]" (Id. at ¶ 43, 54). According to Mr. Pop, Luli Fama swimwear is "approximately 100% more expensive" than other swimwear brands, including Victoria's Secret. (Id. at ¶ 55). Mr. Pop was unable to return the Luli Fama products he purchased and, when he tried to sell the "unused product" on eBay, "received only small offers that barely covered shipping[.]" (Id. at ¶ 57).

Mr. Pop filed this class action in state court on October 17, 2022, and the Defendants removed the case to this Court on November 23, 2022. (Doc. # 1). Mr. Pop asserts claims for deceptive and unfair trade practice under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.201 (Count I), unjust enrichment (Count II), and negligent misrepresentation (Count III). (Doc. # 1-1). In his complaint, Mr. Pop seeks class certification on behalf of similarly situated consumers. (Id. at 22). On December 23, 2022, the Luli Fama Defendants moved to dismiss the complaint (Doc. # 35), and Ms. Ricart, Gallo, and Martinez – joined by Ms. Labrador, Prado, and Collins (collectively, the "Influencer Defendants") – moved to dismiss the complaint on

4

December 28, 2022. (Doc. # 41). Mr. Pop filed a consolidated response to both Motions on February 3, 2023. (Doc. # 57). The Motions are now ripe for review.

## II.  <u>Legal Standard</u>

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters

5

judicially noticed. <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).

### III. <u>Analysis</u>

Both the Luli Fama and Influencer Defendants seek to dismiss all counts of the complaint. (Doc. ## 35, 41). The Court will address each count in turn.

### A. <u>Count I (FDUPTA)</u>

#### 1. <u>Rule 9(b)</u>

The Luli Fama and Influencer Defendants assert that Mr. Pop's FDUPTA claim should be dismissed because Mr. Pop has failed to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Doc. # 35 at 7-12; Doc. # 41 at 6-8). Mr. Pop contends that Rule 9(b) does not apply to FDUPTA claims and cites to other district courts in the Eleventh Circuit that have declined to apply the heightened pleading requirements. (Doc. # 57 at 6-9).

To establish a cause of action under FDUTPA, a plaintiff must sufficiently allege the following three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." <u>Kertesz v. Net Transactions, Ltd.</u>, 635 F. Supp. 2d 1339, 1348 (S.D. Fla. 2009) (quoting <u>City First Mortg. Corp. v. Barton</u>, 988 So. 2d 82, 86 (Fla. 4th DCA

2008)). "A deceptive practice is one that is likely to mislead consumers, and an unfair practice is one that 'offends established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" Bookworld Trade, Inc. v. Daughters of St. Paul, Inc., 532 F. Supp. 2d 1350, 1364 (M.D. Fla. 2007) (quoting Rollins, Inc. v. Butland, 951 So.2d 860, 869 (Fla. 2d DCA 2006)).

Courts in this district have varied on whether a claim for relief under FDUTPA must also meet Rule 9(b)'s heightened pleading standard. Compare Allstate Ins. Co. v. Auto Glass Am., LLC, 418 F. Supp. 3d 1009, 1021-22 (M.D. Fla. 2019) ("As a threshold matter, this Court declines to impose the heightened pleading standard set forth in Rule 9(b)[.]") with Blair v. Wachovia Mortg. Corp., No. 5:11-cv-566-RBD-TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012) ("[T]his Court concludes that where the gravamen of the [FDUTPA] claim sounds in fraud, as here, the heightened pleading standard of Rule 9(b) would apply.").

This Court, however, applies the heightened pleading standards to FDUPTA allegations sounding in fraud. See Inouye v. Adidas Am., Inc., No. 8:22-cv-416-VMC-TGW, 2023 WL 2351654, at *3 (M.D. Fla. Mar. 3, 2023) (applying the

heightened Rule 9(b) pleading standard to a FDUPTA claim); Altamonte Pediatric Assocs. v. P.A. Greenway Health, LLC, No. 8:20-cv-604-VMC-JSS, 2020 WL 5350303, at *4 (M.D. Fla. Sept. 4, 2020) (same).

Here, Mr. Pop alleges that both the Luli Fama and Influencer Defendants engaged in "a deceptive act or unfair practice" by "engaging in fraud and statutory violations." (Doc. # 1 at ¶ 68).

Given the above allegations of the complaint, Mr. Pop's FDUPTA claim sounds in fraud as it avers "unscrupulous [practices] . . . likely to mislead any consumer acting reasonably in the circumstances." (Id. at ¶ 70). Therefore, Rule 9(b)'s heightened pleading standard applies. See PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., No. 3:12-cv-1366-HES-JBT, 2013 WL 12172912, at *6 (M.D. Fla. Aug. 28, 2013) ("[T]he Middle District of Florida has consistently held that those FDUTPA claims that hinge on allegations of misrepresentation are 'grounded in fraud' and are therefore governed by Rule 9(b)'s heightened pleading requirements.").

Again, Rule 9(b) requires a plaintiff to allege the "who, what, when, where, and how" of misconduct. Garfield v. NDS Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006) (quotations omitted).

Here, Mr. Pop has failed to plead with particularity any element of his FDUPTA claim. He has not indicated which posts from the Influencer Defendants led him to purchase the Luli Fama product or provided any details of the Luli Fama Defendants' alleged scheme to pay the Influencer Defendants to promote Luli Fama products – other than asserting that Luli Fama pays "significant monies" to promote its products. (Doc. # 1 at ¶ 11). He has failed to identify any instances in which the Influencers posted any allegedly misleading advertisements – let alone when the advertisements were posted – or allege when he himself viewed such posts. He has failed to provide any description of what product he purchased, why it was of inferior quality, or why he was unable to return or resell the product.

Importantly, because of this, Mr. Pop has not sufficiently pled the "causation" element of his FDUPTA claim. While Mr. Pop alleges that the misleading posts induced him to purchase the product, he does not allege with particularity that he was induced by any misleading statements by any defendant. Put differently, Mr. Pop has failed to allege "whether [he] viewed [the alleged misrepresentations] at all before purchasing the allegedly defective products." PB Prop. Mgmt., 2013 WL 12172912, at *7.

Without alleging that he viewed misrepresentations attributable to either the Luli Fama or Influencer Defendants, Mr. Pop cannot support a claim under FDUPTA.

### 2. **Failure to State a Claim**

Even if Rule 9(b)'s heightened pleading standard did not apply to Mr. Pop's FDUPTA claim, Count I still fails to state a claim upon which relief could be granted. Both the Luli Fama and Influencer Defendants contend that Mr. Pop has failed to demonstrate any of the three requisite elements of an FDUPTA claim. (Doc. # 38 at 12-25; Doc. # 41 at 9-16). Mr. Pop asserts that he has sufficiently pled all elements of his claim. (Doc. # 57 at 12-17).

The "deceptive or unfair practice" element of an FDUPTA claim can be alleged in two ways: (1) by asserting a violation of "any rules promulgated pursuant to the Federal Trade Commission Act" or "any law, statute, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices," Fla. Stat. § 501.203(3)(a), (c); or (2) by alleging that "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." Blair v. Wachovia Mortg. Corp.,

No. 11-cv-566-RBD-TS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012).

In his complaint, Mr. Pop appears to allege a *per se* FDUPTA violation. See (Doc. # 1 at ¶ 69) ("By failing to disclose material connections, Defendants Luli Fama and Influencers violated Section 5(a) of 15 U.S.C. § 45(a) which represents a *per se* violation of 'FDUPTA'."). Specifically, he appears to advance the theory that the Influencer Defendants violated 16 C.F.R. § 255.5 and, therefore, violated the FTC Act. See (Id. at ¶ 44) ("[The Influencers are not compliant with the FTC Rules found in 16 C.F.R. § 255.5 and the FTC guidelines regarding advertising in social media.").

Section 255.5, titled "Guides Concerning Use of Endorsements and Testimonials in Advertising," lays out the following interpretation of the FTC Act:

> When there exists a connection between the endorser and the seller of the advertised product that might materially affect the weight or credibility of the endorsement (i.e., the connection is not reasonably expected by the audience), such connection must be fully disclosed.

16 C.F.R. § 255.5(1).

Unfortunately for Mr. Pop, Section 255.5 cannot form the basis of a *per se* FDUPTA violation. Section 255.5 is a guide

11

that does not proscribe conduct, and, as such, it is not a rule promulgated pursuant to the FTC Act or a regulation that proscribes unfair methods of competition. See 16 C.F.R. Ch. I, Subch. B, Pt. 17 ("[G]uides are administrative **interpretations** of laws administered by the Commission for the guidance of the public in conducting its affairs in conformity with legal requirements.  They provide the basis for **voluntary** and simultaneous abandonment of unlawful practices by members of industry." (emphasis added)). Additionally, the FTC Act cannot independently form the basis of a *per se* FDUPTA violation, as it does not provide a private right of action. Holmes v. Ocwen Fin. Corp., 747 F. App'x 836, 837 (11th Cir. 2019). Therefore, Mr. Pop has not alleged a *per se* FDUPTA violation.

Mr. Pop's FDUPTA claim fails for another reason. To successfully prosecute an FDUPTA claim, the plaintiff must allege that the unfair practice at issue caused his alleged harm. "Causation under FDUTPA must be direct, rather than remote or speculative." Stewart Agency, Inc. v. Arrigno Enters., Inc., 266 So. 3d 207, 213 (Fla. 4th DCA 2019) (quoting Lombardo v. Johnson & Johnson Consumer Cos., Inc., 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015)). The Eleventh Circuit has held that the element of causation is met when

12

the alleged misrepresentations would have deceived an objectively reasonable person. Fitzpatrick v. Gen. Mills, Inc., 635 F.3d 1279, 1283 (11th Cir. 2011). Where the harm does not result from the FDUPTA violation, the claim must fail for lack of causation. See Ferrara v. LCS Fin. Servs. Corp., No. 8:14-cv-2450-JSM-AEP, 2015 WL 84703, at *3 (M.D. Fla. Jan. 7, 2015) ("[T]he Complaint does not contain any allegations regarding how [defendant's] statements were misleading, nor does it contain allegations of causation connecting [defendant's] actions to any alleged damages. Accordingly, [plaintiff] has not sufficiently plead all elements of a FDUPTA claim.").

Mr. Pop cannot demonstrate a causal connection between the alleged wrongdoing and his alleged injury. Mr. Pop asserts that the Luli Fama and Influencer Defendants engaged in the deceptive and unfair practice of failing to disclose an advertising relationship. (Doc. # 1 at ¶ 44). His alleged injury, however, is his purchase of a Luli Fama product of "inferior quality compared with the expectations [he] had and the price he paid." (Id. at ¶ 13). He does not explain how the Defendants' alleged failure to disclose an advertising relationship led to him receiving a Luli Fama product that he perceived to be inferior. Indeed, it is unclear how he could

even have attempted to draw such a connection. Even taking the facts in the light most favorable to him, Mr. Pop does not allege that the product was different from what he presumably saw in an Instagram post. He does not allege that the Influencer Defendants made any statements regarding the quality of the product.

Finally, Mr. Pop's FDUPTA claim must fail for want of actual damages. Actual damages "are measured according to the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." Marrache v. Bacardi U.S.A., Inc., 17 F.4th 1084, 1098 (11th Cir. 2021). FDUTPA "does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." Id. Mr. Pop believes that the products he purchased were of "an inferior quality" compared with his expectations and the price he paid. (Doc. # 1 at ¶ 13). He does not allege that he paid more than market value for the products nor does he allege that he received a product different than the one he intended to purchase – he is simply dissatisfied with the products. Subjective dissatisfaction does not constitute actual damages under FDUPTA. See Clear

Marine Ventures Ltd. v. Brunswick Corp., No. 08-CV-22418, 2010 WL 528477, at *5 (S.D. Fla. Feb. 11, 2010) (dismissing FDUPTA claim, where purchaser of a boat claimed it was "aesthetically unpleasing" and, thus, "entirely unsellable," for failing to allege that the "aesthetic changes affected . . . . the value beyond mere speculation.").

Because amendment would not cure the fatal defects in Mr. Pop's FDUPTA claim, Count I of the complaint is dismissed with prejudice as to the Luli Fama and Influencer Defendants. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019) (explaining that while leave to amend ought generally to be freely granted, leave to amend need not be granted when any amendment would be futile).

**B.   Count II (Unjust Enrichment)**

The Luli Fama Defendants argue that Mr. Pop's unjust enrichment claim should be dismissed because it is not based on separate wrongdoing from his FDUPTA and negligent misrepresentation claims. (Doc. # 38 at 25-28). The Influencer Defendants adopt the Luli Fama Defendants' argument and further contend that Mr. Pop has not sufficiently alleged that he conferred a direct benefit on the Influencers, and, therefore, Mr. Pop's unjust enrichment claim should be

dismissed as to them. (Doc. # 41 at 16-19). In Mr. Pop's opposition, he asserts that he stated a claim. (Doc. # 57 at 17-19).

To bring an unjust enrichment claim under Florida law, a plaintiff must allege that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the value of the benefit to the plaintiff. Johnson v. Catamaran Health Sols., LLC, 687 F. App'x 825, 830 (11th Cir. 2017) (citing Fito v. Att'ys' Title Ins. Fund, Inc., 83 So. 3d 755, 758 (Fla. 3d DCA 2011)). Further, the benefit conferred on the defendant must be a direct benefit. Kopel v. Kopel, 229 So. 2d 3d 812, 816 (Fla. 2017).

This Court has previously found that "a claim of unjust enrichment may not be predicated on a wrong committed by a defendant." State Farm Mut. Auto. Ins. Co. v. Lewin, 535 F. Supp. 3d 1247, 1266 (M.D. Fla. 2021); see also Day v. Sarasota Drs. Hosp., Inc., No. 8:19-CV-1522-VMC-TGW, 2020 WL 7390153, at *7 (M.D. Fla. Feb. 7, 2020) ("The law of unjust enrichment is concerned solely with enrichments that are unjust independently of wrongs and contracts." (quoting Flint v. ABB, Inc., 337 F.3d 1326, 1330 n.2 (11th Cir. 2003)));

16

<u>Electrostim Med. Servs., Inc. v. Lindsey</u>, No. 8:11-cv-2467-VMC-TBM, 2012 WL 1560647, at *4 (M.D. Fla. May 2, 2012) ("Where a plaintiff predicates their unjust enrichment claim on wrongful conduct of a defendant, then the plaintiff's right of recovery, if any, arises from the wrong of the alleged tort rather than unjust enrichment.").

Here, the only allegation supporting Mr. Pop's claim for unjust enrichment is that "by paying the higher prices demanded by Luli Fama, Plaintiff and the members of the class conferred a direct benefit to each of the Defendants." (Doc. # 1 at ¶ 77). Mr. Pop also gestures toward unjust enrichment in a separate section of the complaint, stating that "Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers." (<u>Id.</u> at ¶ 21).

First, Mr. Pop does not explain how his purchase benefitted the Influencer Defendants. (<u>Id.</u> at ¶ 39). At no point in the complaint does Mr. Pop detail how his purchases from Luli Fama directly benefitted the Influencer Defendants. Even assuming that the Influencer Defendants received a portion of the revenues from all Luli Fama sales – a generous assumption indeed, as it is not alleged in the complaint –

this would indicate an indirect benefit "at best." See Johnson, 687 F. App'x at 830 (finding a purchase from a third-party who then, in turn, pays premiums to the defendant insufficient to establish a direct benefit conferred on the defendant); Extraordinary Title Services, LLC v. Florida Power & Light Co., 1 So. 3d 400, 404 (Fla. 3d DCA 2009) (same). Mr. Pop has thus failed to show that he conferred a direct benefit on the Influencer Defendants.

Because Mr. Pop cannot establish that he conferred a direct benefit on Influencer Defendants, his unjust enrichment claim is due to be dismissed with prejudice as to them.

Mr. Pop's unjust enrichment claim also fails as to the Luli Fama Defendants. Count II is based solely on the unjust nature of the Luli Fama and Influencer Defendants' alleged failure to disclose an advertising relationship. Accordingly, Mr. Pop has failed to allege that the Luli Fama and Influencer Defendants were enriched independently of their alleged deceptive advertising relationship.

In sum, the Court finds that Mr. Pop cannot properly state a claim for unjust enrichment based on the allegations set forth in the complaint. The Court finds that amendment would be futile, and Count II is dismissed with prejudice as

to both the Luli Fama and Influencer Defendants. See Day, 2020 WL 7390153, at *7 (M.D. Fla. Feb. 7, 2020) (dismissing with prejudice an unjust enrichment claim after finding plaintiff could not state a claim where he "failed to allege that Doctors Hospital was enriched independently of its allegedly unlawful billing practices."); Tilton v. Playboy Ent. Grp., Inc., No. 8:05-cv-692-JSM-TGW, 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007) (dismissing with prejudice unjust enrichment claim that was based solely on the defendants' wrongful conduct).

### C. __Count III (Negligent Misrepresentation)__

According to the Luli Fama and Influencer Defendants, Mr. Pop's negligent misrepresentation claim should be dismissed because he has not pled the claim with sufficient particularity under Rule 9(b). (Doc. # 38 at 7-12; Doc. # 41 at 19-21). Further, they both argue that Count III fails to state a claim because any misrepresentation was immaterial and, at most, Mr. Pop could only allege a misrepresentation by omission based on the facts in the complaint. (Doc. # 38 at 28-30; Doc. # 41 at 19-21). Mr. Pop contends Rule 9(b)'s pleading requirements do not apply to negligent

misrepresentation claims and that he stated a valid claim. (Doc. # 57 at 19-20).

### 1. __Rule 9(b)__

To state a claim for negligent misrepresentation in Florida, a plaintiff must allege: (1) a misrepresentation of a material fact; (2) that the defendant made the representation without knowledge as to its truth or falsity, or under circumstances in which he ought to have known of its falsity; (3) that the defendant intended that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation. Souran v. Travelers Ins. Co., 982 F.2d 1497, 1503 (11th Cir. 1993). As a fraud-based claim, Mr. Pop's negligent misrepresentation claim is also subject to the heightened pleading requirement of Rule 9(b). Lamm v. State St. Bank & Tr., 749 F.3d 938, 951 (11th Cir. 2014).

Mr. Pop's claim for negligent misrepresentation relies upon the notion that the Luli Fama and Influencers Defendants "had a duty to be truthful in their commercial speech." (Doc. # 1 at ¶ 83).

Like with Mr. Pop's FDUPTA claim, the claim for negligent misrepresentation fails to specify any details – beginning by failing to allege which posts he saw from the Influencers

promoting Luli Fama products and ending with failing to
explain how those posts led him to purchase unidentified
"products" he considered inferior – regarding the elements of
his claim. Thus, he has failed to plead with sufficient
particularity that any defendant made a misstatement or that
he acted in "justifiable reliance" on the Defendants' alleged
misrepresentation.

  **2.** **Failure to State a Claim**

  Even if Rule 9(b)'s heightened standard did not apply,
Mr. Pop still fails to state a claim. Again, Mr. Pop claims
the misrepresentation was the failure to disclose an
advertising relationship. Again, he has not specified a
single post where one of the Influencers failed to disclose
it was a paid advertisement. Even if he had, a failure to
disclose such information would not constitute an actionable
misrepresentation in this case.

  Under Florida law, "the failure to disclose material
information is not actionable as part of a negligent
misrepresentation claim absent some fiduciary or fiduciary-
like duty to disclose the information[.]" Hawaiian Airlines,
Inc. v. AAR Aircraft Servs., Inc., 167 F. Supp. 3d 1311, 1322
(S.D. Fla. 2016); see also TransPetrol, Ltd. v. Radulovic,
764 So. 2d 878, 879 (Fla. 4th DCA 2000) ("A defendant's

knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose."). "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." Muy v. Int'l Bus. Machines Corp., No. 4:19CV14-MW/CAS, 2019 WL 8161749, at *3 (N.D. Fla. Nov. 25, 2019) (quoting Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So. 2d 536, 540 (Fla. 5th DCA 2003)). Parties in arms-length transactions generally do not incur a duty to disclose all material facts. See Id. ("While parties in arm's length transactions may incur a duty to disclose all material facts when other information is disclosed . . . such liability is generally limited to actions for fraudulent misrepresentation between parties with a contractual relationship[.]" (citations omitted)).

Here, Mr. Pop has not, and cannot, allege that as a consumer, he had any fiduciary-like relationship with either the Luli Fama or Influencer Defendants. He did not have a contractual relationship with either group that would trigger a duty to disclose.

Because amendment would be futile, Count III of the complaint is dismissed with prejudice as to the Luli Fama and Influencer Defendants.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Lulifama.com LLC, My LuliBabe, LLC, and Lourdes Hanimian's Motion to Dismiss Complaint (Doc. # 35) is **GRANTED.**

(2)   Defendants Priscilla Ricart, Taylor Gallo, and Allison Martinez's Motion to Dismiss Complaint (Doc. # 41) is **GRANTED.**

(3)   Counts I, II, and III are **DISMISSED** with prejudice as to Defendants Lulifama.com LLC, My LuliBabe, LLC, Lourdes Hanimian, Priscilla Ricart, Taylor Gallo, Allison Martinez, Leidy Amelia Labrador, Cindy Prado, and Alexa Collins.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of July, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE