# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 02, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-12684-H
Case Style: Alin Pop v. LuliFama.com LLC, et al
District Court Docket No: 8:22-cv-02698-VMC-JSS

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-12684

Non-Argument Calendar

_____

ALIN POP,
individually and on behalf of all those similarly situated,

                                                               Plaintiff-Appellant,

*versus*

LULIFAMA.COM LLC,
MY LULIBABE LLC,
LOURDES HANIMIAN,
a.k.a. Luli Hanimian,
TAYLOR MACKENZIE GALLO,
a.k.a. Tequila Taylor,
ALEXA COLLINS, et al.,

Defendants-Appellees,

GABRIELLE EPSTEIN,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02698-VMC-JSS

_____

Before JORDAN, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

    Upon review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction. Alin Pop appeals from the district court's July 20, 2023, order dismissing his action as to multiple defendants. On July 27, 2023, after Pop voluntarily dismissed the sole remaining defendant, the district court entered an order closing the case, rendering the July 20, 2023, order reviewable. *See* Fed. R. App. P. 3(c)(4); *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993).

    However, after Pop filed his notice of appeal, a previously dismissed defendant, Gabrielle Epstein, filed a timely motion to reopen the action against her and reconsider her motion to dismiss

23-12684              Opinion of the Court              3

on the merits, citing Federal Rule of Civil Procedure 60(b). *See* Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e), 60(b); *Finch v. City of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988). The district court retained jurisdiction to consider that motion and granted it, reinstating Epstein's motion to dismiss the action against her. *See* Fed. R. App. P. 4(a)(4)(B). The reopened action and motion to dismiss remain pending before the district court.

Therefore, there is no final judgment from which to appeal the district court's July 20, 2023, order. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012); *Oliver v. Home Indem. Co.*, 470 F.2d 329, 329-30 (5th Cir. 1972). Accordingly, we lack jurisdiction to consider the appeal. *See* 28 U.S.C. § 1291.